UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                              Case No.  13-20853-PGH
                                                                    Chapter 11
TLO, LLC,

      Debtor.
_____/

### DEBTORS' EMERGENCY MOTION TO USE CASH COLLATERAL OF TECHNOLOGY INVESTORS, INC.
#### (Emergency Hearing Requested)

Pursuant to Section 363 of title 11, United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure, TLO, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), moves the Court for the entry of an order authorizing the Debtor to use cash collateral on which Technology Investors, Inc. (the "Lender") holds a first priority lien. In support of its motion, the Debtor states:

#### BASIS FOR EMERGENCY RELIEF

> The Debtor requires the income which constitute cash collateral to maintain its day-to-day business operations. Without the use of the income, the Debtor will be unable to remain in business.

    1.    On May 9, 2013, a Voluntary Petition under Chapter 11 was filed by the Debtor [D.E. #1]. The Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtor is a Florida limited liability company which is based in Boca Raton and was formed in March, 2009 to provide risk management, due diligence and fraud prevention information and investigative technology products and solutions to public and private sector industries. The Debtor offers information products and services to many of the nation's investigators, collection agencies,

attorneys, financial institutions, corporate security departments, insurance companies, governmental agencies and law enforcement agencies.

## The Loan Transaction

2.     On or about January 31, 2011, Lender agreed to provide funds to the Debtor for general operating purposes under a Revolving Promissory Note (the "Note") in the principal sum of One Hundred Twenty-Five Million Dollars ($125,000,000).

3.     To secure its obligations to the Lender under the Note, the Debtor and the Lender entered into a Security Agreement, dated as of January 31, 2011 pursuant to which the Debtor granted the Lender a lien on all of its assets including, among other things, accounts, chattel paper, cash proceeds, deposit accounts, documents, equipment, fixtures, general intangibles, inventory, software and the proceeds thereof (collectively, the "Collateral"). The security interest is perfected by the filing of a UCC-1 Financing Statement with the Florida Secured Transaction Registry on February 4, 2011 at document #201104019777.

4.     As of the filing date, the Debtor is indebted to the Lender in the principal amount of $81,740,000 and accrued and unpaid interest of approximately $7,312,000 for a total of $89,052,000, plus costs and fees due pursuant to applicable law (the "Indebtedness").

5.     The Lender is a company owned by the Estate of Hank Asher. Mr. Asher was the Debtor's principal shareholder and founder until his untimely demise earlier this year.

6.     The cash generated by the Debtor constitutes cash collateral within the meaning of § 363(a) of the Bankruptcy Code (the "Cash Collateral"). The Debtor requires the use of the Cash Collateral for the continued operation of its business in the ordinary course, including payment of expenses attendant thereto; and, the Debtor is willing to provide the Lender with adequate protection of its secured interest in the Cash Collateral. Without the use of the Cash

Collateral, the Debtor will be forced to discontinue its business operations. The loan documents are available from undersigned counsel upon request.

7. In order (i) to adequately protect the Lender in connection with the Debtor's use of the Cash Collateral, and (ii) to provide the Lender with additional adequate protection in respect to any decrease in the value of its interests in the Collateral resulting from the stay imposed under §362 of the Bankruptcy Code or the use of the Collateral by the Debtor, the Debtor would offer as adequate protection of the Lender's lien, a first priority post-petition lien on all cash of the Debtor generated post-petition.

8. An immediate and critical need exists for the Debtor to be permitted to access the Cash Collateral to continue to operate. Therefore, the Debtor seeks a preliminary hearing in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtor will seek entry of an Interim Order in order to preserve the value of its assets so as to avoid immediate and irreparable harm to the estate and to afford the Debtor the opportunity to obtain final approval for its use of Cash Collateral, subject to and within the limits imposed by the Budget attached hereto.

9. **Debtor admits (which admission shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case) that it is truly and justly indebted to the Technology Investors, Inc. under the Pre-Petition Indebtedness, without defense, counterclaim or offset of any kind, and that as of the Petition Date, such liability to Technology Investors, Inc. was, including interest, fees and charges, in the aggregate amount of not less than $88,000,000.00. The provisions of this paragraph 9 constitute a stipulation by Debtor and shall become a finding by the Court**

(but shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case).

10. Debtor further admits (which admission shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case) that the Pre-Petition Indebtedness is secured by valid, properly perfected, enforceable and non-avoidable liens and security interests granted by Debtor to the Technology Investors, Inc. upon and in all of the Pre-Petition Collateral, and (ii) the liens held by Technology Investors, Inc. securing the Pre-Petition Indebtedness are senior to any other security interests in the Pre-Petition Collateral. The provisions of this paragraph 6 constitute a stipulation by the Debtor and shall become a finding of the Court (but shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case).

11. Accordingly, it is appropriate for the Court to enter an order authorizing the use of Cash Collateral by the Debtor in accordance with the terms of the attached Budget.

12. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtor's exercise of prudent business judgment.

13. The Debtor believes that the relief sought in this Motion is in the best interest of the Debtor, the estate and creditors and that the entry of an Interim Order will allow for the continued operation of the Debtor's existing business for the purposes set forth above.

14. The Lender consents to the use of the Cash Collateral in accordance with the terms and conditions set forth herein.

15. **Any Order on this Motion shall be binding on a subsequently appointed Chapter 11 or Chapter 7 Trustee in Bankruptcy.**

**WHEREFORE**, the Debtor respectfully requests an order authorizing the use of the Cash Collateral as set forth herein in the form attached hereto and granting such other relief as this Court deems just and proper.

                                              FURR AND COHEN, P.A.
                                              Attorneys for Debtor
                                              2255 Glades Road, Suite 337W
                                              Boca Raton, FL 33431
                                              (561) 395-0500/(561)338-7532-fax

                                              By  */s/Alvin S. Goldstein*
                                                  ALVIN S. GOLDSTEIN
                                                  Florida Bar No. 993621
                                                  agoldstein@furrcohen.com

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Cash Collateral Motion.doc

## TLO, LLC
## Cash Collateral Budget
### May - July 2013

|  | May-13 | Jun-13 | Jul-13 |
|---|---:|---:|---:|
| **Beginning Cash Balance**[1] | 830,528 | 461,848 | (340,174) |
| **Projected Revenue** | 2,245,007 | 2,334,808 | 2,428,200 |
| **Projected Cash Receipts** | 2,092,390 | 2,176,086 | 2,263,129 |
| Data Expense (COGS)[2] | 225,000 | 1,083,150 | 1,429,400 |
| **Gross Profit** | 1,867,390 | 1,092,936 | 833,729 |
| **Operating Expenses** | | | |
| **Selling** | | | |
| Payroll & Payroll Taxes[3] | 379,216 | 232,463 | 441,905 |
| Advertising & Marketing | 2,500 | 2,500 | 2,500 |
| Bank Fees | 16,509 | 17,169 | 17,856 |
| Credentialing Fees | 125,000 | 100,000 | 75,000 |
| Trade Shows | 15,000 | 2,000 | 15,000 |
| Travel & Entertainment | 17,785 | 18,497 | 19,237 |
| NSF/CC reversals | 8,370 | 8,704 | 9,053 |
| Other Selling Expenses | 0 | 0 | 0 |
| **Total Selling** | 564,380 | 381,333 | 580,550 |
| **General & Administrative** | | | |
| Payroll & Payroll Taxes[3] | 809,940 | 566,874 | 598,648 |
| Bank Fees | 8,000 | 8,000 | 8,100 |
| Benefits | 110,000 | 190,000 | 100,000 |
| Computer Expense | 10,000 | 25,000 | 25,000 |
| Communication Expenses | 21,500 | 21,500 | 21,500 |
| Dues and Subscriptions | 1,250 | 1,250 | 1,250 |
| Equipment Lease | 82,000 | 82,000 | 82,000 |
| Insurance | 9,500 | 9,500 | 9,500 |
| Office Expenses | 2,500 | 2,500 | 2,600 |
| Professional Development | 500 | 500 | 500 |
| Postage & Shipping | 1,000 | 1,000 | 1,000 |
| Professional Fees | 100,000 | 50,000 | 50,000 |
| Rent Expense | 238,000 | 238,000 | 238,000 |
| Repairs, Maintenance & Cleaning | 4,500 | 4,500 | 4,500 |
| Taxes & Licenses | 500 | 500 | 500 |
| Travel & Entertainment | 12,500 | 12,500 | 12,500 |
| Utilities | 110,000 | 110,000 | 110,000 |
| Other General & Administrative Expenses | - | 40,000 | 40,000 |
| **Total General & Administrative** | 1,521,690 | 1,363,624 | 1,305,598 |
| **Total Operating Expenses** | 2,086,070 | 1,744,957 | 1,886,148 |
| **Non Operating Expenses** | | | |
| US Trustee Fee Expense | - | - | 13,000 |
| Bankruptcy Professionals | 150,000 | 150,000 | 150,000 |
| Other Expense | - | - | - |
| **Total Other Expenses** | 150,000 | 150,000 | 163,000 |
| **Net Cash Flow** | (368,680) | (802,022) | (1,215,419) |
| **Ending Cash Balance** | 461,848 | (340,174) | (1,555,593) |

[1] Cash Balance does not include the Wells Fargo Collateral Account as those funds are not available for operations.
[2] Data costs incurred in July will be included in subsequent cash collateral budget for payment in August.

STRICTLY CONFIDENTIAL

*PROPOSED*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No. 13-20853-PGH
                                                                      Chapter 11
TLO, LLC,

      Debtor.
_____/

## ORDER GRANTING DEBTOR'S MOTION TO USE CASH COLLATERAL OF TECHOLOGY INVESTORS, INC.

**THIS CAUSE** came before the Court for hearing on May ____, 2013, in West Palm Beach, Florida upon the Debtor's Emergency Motion to Use Cash Collateral of Technology Investors, Inc. [D.E. #____] (the "Motion"). Adequate notice of the hearing was given under the circumstances. The Court having reviewed the record and having heard the argument of counsel, good cause being shown, and being otherwise fully advised in the premises, does hereby

**ORDER and ADJUDGE** as follows:

1.      The Motion is **GRANTED** to the extent set forth herein.

1

2. The Debtor is hereby authorized to use the Cash Collateral (as defined in the Motion) of Technology Investors, Inc., as set forth herein.

3. The Debtor is hereby permitted to use Cash Collateral, as defined in 11 U.S.C. § 363 (a), including the cash or noncash proceeds of assets that were not Cash Collateral on the Petition Date ("Cash Collateral") up to the amounts shown in the Budget attached to the Motion as Exhibit "A".

4. As adequate protection for the use of Cash Collateral and for any diminution in value of Technology Investors, Inc.'s pre-petition collateral as described in the Note and Security Agreement (the "Pre-petition Collateral") and post-petition interest, costs, and fees ("Post-petition Indebtedness"), Technology Investors, Inc. is hereby granted a valid, perfected lien on all cash generated from its collateral (the "Adequate Protection Liens"). If, notwithstanding the provision of the Adequate Protection Liens, such Adequate Protection Liens do not provide adequate protection of Technology Investors, Inc.'s interests in the Pre-Petition Collateral, Technology Investors, Inc. shall have a claim allowed under Sections 507(a)(2) and 507(b) of the Bankruptcy Code (the "Section 507(b) Claim") and such Section 507(b) Claim shall be entitled to priority over every other claim allowable under such Section 507(a)(2). Notwithstanding the foregoing, all liens and claims of Technology Investors, Inc. shall be subject to (a) the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 (including, without limitation, fees under 28 U.S.C. § 1930(a)(6)), and (b) the fees due to the Clerk of the Court.

5. **Debtor admits (which admission shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case) that it is truly and justly indebted to Technology Investors, Inc. under the Pre-Petition Indebtedness, without defense, counterclaim or offset of any kind, and that as of the**

Petition Date, such liability to Technology Investors, Inc. was, including interest, fees and charges, in the aggregate amount of not less than $88,000,000.00. The provisions of this paragraph 5 constitute a stipulation by Debtor and shall become a finding by the Court (but shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case).

6. Debtor further admits (which admission shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case) that the Pre-Petition Indebtedness is secured by valid, properly perfected, enforceable and non-avoidable liens and security interests granted by Debtor to Technology Investors, Inc. upon and in all of the Pre-Petition Collateral, and (ii) the liens held by Technology Investors, Inc. securing the Pre-Petition Indebtedness are senior to any other security interests in the Pre-Petition Collateral. The provisions of this paragraph 6 constitute a stipulation by the Debtor and shall become a finding of the Court (but shall not be binding upon any creditor or stockholder of the Debtor or any Committee or other party in interest in this case).

7. Debtor may use the Cash Collateral solely to pay the expenses set forth in the Budget attached to the Motion through and including July 31, 2013, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**").

8. **This Order shall be binding on a subsequently appointed Chapter 11 or Chapter 7 Trustee in Bankruptcy.**

9. The liens and security interest granted to Technology Investors, Inc. shall be valid and perfected post-petition without the need for execution or filing of any further documents or instruments otherwise required to be filed or be executed or filed under non-bankruptcy law.

Notwithstanding the foregoing, Technology Investors, Inc. may, in its sole discretion, enter into a deposit account control agreement, file such financing statements, notices of lien or similar instruments or otherwise confirm perfection of such liens and security interests without seeking modification of the automatic stay under Section 362 of the Bankruptcy Code and all such documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

10.     The Debtor shall forthwith serve a copy of this Order and the Motion on all parties and counsel entitled to notice pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

###

Submitted by:

Alvin S. Goldstein, Esquire
FURR & COHEN, P.A.
*Attorney for Debtor*
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
e-mail: agoldstein@furrcohen.com

ATTORNEY GOLDSTEIN IS DIRECTED TO SERVE COPIES OF THIS ORDER ON ALL PARTIES AND COUNSEL ENTITLED TO NOTICE PURSUANT TO RULE 4001(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND TO FILE A CERTIFICATE OF SERVICE.

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Cash collateral interim order - final draft.rtf

4