UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.  13-20853-PGH
                                                          Chapter 11
TLO, LLC,

        Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR
ORDER AUTHORIZING POST-PETITION FINANCING**

**(Emergency Hearing Requested)**

**Basis for the Emergency**

**The Debtor has an immediate need to obtain line of credit financing to permit, *inter alia,* the orderly continuation of the operation of its business, to maintain business relationships with vendors, suppliers and customers, to make payroll, to make capital expenditures and to satisfy other working capital and operational needs.**

TLO, LLC, the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, hereby files this emergency motion for the entry of an order authorizing post-petition financing (the "Motion").  In support of the Motion, the Debtor respectfully states as follows:

**BACKGROUND**

A. **The Chapter 11 Filing**

1.      On May 9, 2013, a Voluntary Petition under Chapter 11 was filed by the Debtor [D.E. #1].  The Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      As of the date hereof, no creditors' committee has been appointed in this case.  In addition, no trustee or examiner has been appointed.

3. The Debtor is a Florida limited liability company which is based in Boca Raton and was formed in March, 2009 to provide risk management, due diligence and fraud prevention information and investigative technology products and solutions to public and private sector industries. The Debtor offers information products and services to many of the nation's investigators, collection agencies, attorneys, financial institutions, corporate security departments, insurance companies, governmental agencies and law enforcement agencies.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the relief requested herein are Sections 364 and 503 of the Bankruptcy Code and Rule 2002 of the Federal Rules of Bankruptcy Procedure.

6. Prior to the filing of the Debtor's Chapter 11 petition, the Debtor was financed with a loan from Technology Investors, Inc., with a principal balance of $81,740,000 and accrued and unpaid interest of approximately $7,312,000 for a total of $89,052,000, plus costs and fees due pursuant to applicable law.

7. The Debtor's founder and principal shareholder was Hank Asher until his untimely demise earlier this year. The Debtor's current co-Chief Executive Officers are Eliza Desiree Asher and Caroline Asher Yoost, the daughters of Mr. Asher. Ms. Asher and Ms. Yoost or their Irrevocable Trusts (the "Principals") have each agreed to loan $1,000,000 to the Debtor immediately, payable interest only at 9% per annum and will be secured by life insurance proceeds of Mr. Asher payable to the Debtor, along with all other assets of the Debtor. Technology Investors, Inc. has agreed to subordinate its loan to the loan from the Principals described herein.

8. In addition, the Principals will have the option of loaning up to an additional $2,000,000 each to the Debtor. These loans can be, at the discretion of the Principals, either (i) interest only at 9% per annum or (ii) convertible into equity in the reorganized Debtor or an entity acquiring the assets of the Debtor as preferred shares and equity at 5 percentage points per million. These loans will likewise be secured by the aforementioned life insurance proceeds and all other assets of the Debtor. These liens will be senior to Technology Investors, Inc.'s lien.

9. The Debtor has an immediate need to obtain financing to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with vendors, suppliers and customers, to make payroll, to make capital expenditures and to satisfy other working capital and operational needs. The access of the Debtor to sufficient working capital and liquidity through the proposed loan is vital to the preservation and maintenance of the going concern value of the Debtor and to a successful reorganization of the Debtor. The Debtor's immediate cash needs are evidenced by the Budget attached to the Debtor's Emergency Motion to Use Cash Collateral of Technology Investors, Inc. [D.E. # ].

10. The Debtor was unable to obtain financing on more favorable terms from other sources and was unable to obtain adequate unsecured credit available under §503(b)(1) of the Bankruptcy Code as an administrative expense.

11. A post-petition lender is vital to the Debtor's continued post-petition business operations.

12. Pursuant to Section 364(c) of the Bankruptcy Code, the Court may authorize the Debtor to obtain credit secured by a lien on property of the estate that is not otherwise subject to a lien. To the best of current management's knowledge, there are no secured creditors of the

estate, other than loans to Technology Investors, Inc. and equipment loans. Any lien granted to the Principals would not prime equipment loans. Technology Investors, Inc. has consented to the subordination of its lien. The proposed lien would not impair the lien rights of any other creditor.

13. Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, the Court may authorize the obtaining of credit. In the event the Debtor does not obtain post-petition financing, it will not have the available funds with which to continue its business operations. Accordingly, the Debtor respectfully submits that obtaining post-petition financing is necessary in order to avoid immediate and irreparable harm to the Debtor.

14. The Debtor respectfully submits that the proposed financing is in the best interest of the estate and its creditors, given the fact that the Debtor does not have the ability to obtain financing in conventional markets and has been unable to obtain financing elsewhere. The Debtor respectfully submits that the estate and its creditors could not obtain more favorable financing than that which is proposed.

WHEREFORE, the Debtor respectfully requests that the Court approve the proposed financing, authorizing the Debtor to borrow, and directing the lender to lend, as well as granting any other and further relief which this court deems just and proper.

>FURR AND COHEN, P.A.
>Attorneys for Debtor
>2255 Glades Road, Suite 337W
>Boca Raton, FL 33431
>(561) 395-0500/(561)338-7532-fax
>
>By   /s/Alvin S. Goldstein
>   ALVIN S. GOLDSTEIN
>   Florida Bar No. 993621
>   agoldstein@furrcohen.com

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\M4 Post-Petition Financing.doc