

**ORDERED in the Southern District of Florida on May 14, 2013.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                        Case No. 13-20853-PGH
                                                              Chapter 11
TLO, LLC,

     Debtor.
_____/

### INTERIM ORDER APPROVING THE EMPLOYMENT OF ROBERT C. FURR, ESQUIRE AND THE LAW FIRM OF FURR AND COHEN, P.A., AS COUNSEL FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO PETITION DATE AND SETTING FINAL HEARING THEREON

THIS CAUSE came before the Court for hearing on May 14, 2013, in West Palm Beach,

Florida upon the Debtor-in-Possession's Application For Employment of Attorney *Nunc Pro*

*Tunc* to Date of Petition [D.E. #9] (the "Application") and the related Affidavit of Proposed

Attorney for Debtor in Possession (the "Affidavit"). The Application requests entry of an order

approving the employment by TLO, LLC (the "Debtor") of Robert C. Furr, Esquire and the law

firm of Furr and Cohen, P.A. (collectively, the "Firm") in the above-referenced Chapter 11 case.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  The Court is authorized to grant the relief requested in the Application under 11 U.S.C. §327, Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1.

The Affidavit accompanying the Application makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016, and constitutes a verified statement demonstrating that the Firm is disinterested as required by 11 U.S.C. §327.

Fed. R. Bankr. P. 6003 states, in pertinent part:  "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following:  (a) an application under Rule 2014 … ."  An application under Rule 2014 is one for approval of employment of a professional pursuant to 11 U.S.C. §§327, 1103 or 1114.

Artificial entities such as corporations and limited liability companies cannot represent themselves in this Court; they must be represented by counsel.  Without counsel, debtors in possession would be unable to seek the court orders they require to operate their businesses.  The Court finds that withholding approval of an application for interim retention of counsel for such entities for twenty-one days would cause immediate and irreparable harm to the estate.

Accordingly, the Court will enter an order approving retention of counsel on an interim basis until a final hearing can be convened, at least twenty-one days post-petition, after notice to all parties in interest and the United States Trustee.  All objections to the retention of counsel will be preserved until the final hearing at which time the Court will review any such objections *de novo* and determine the merits of the Application.

The Court having reviewed the Application and the Affidavit, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1.      The Application [D.E. #9] is **APPROVED** as provided herein.

2.      The employment by the Debtor of the Firm as general counsel in this Chapter 11 case is **APPROVED** pursuant to 11 U.S.C. §327(a), on an interim basis, pending the final hearing as set forth below.

3.      The employment of the Firm by the Debtor shall be *nunc pro tunc* to May 9, 2013.

4.      The Firm shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§330 and 331, at its ordinary rates and charges, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor.

5.      The Court shall conduct a final hearing on the Application on **June 11, 2013, at 9:30 a.m.**, at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, Room 801, Courtroom A, West Palm Beach, Florida.

6.      Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the Final Hearing.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Submitted by:

Alvin S. Goldstein, Esquire
Furr and Cohen, P.A.
Attorneys for Debtor
One Boca Place, Suite 337W

- 3 -

2255 Glades Road
Boca Raton, FL 33431
(561)395-0500
(561)338-7532 fax
e-mail: agoldstein@furrcohen.com


Attorney Alvin s. Goldstein is directed to serve a copy of this Order on all parties listed below and file a Certificate of Service with the Court.

By Notice of Electronic Filing:

- Alan R Barbee    ecf@marcumllp.com
- Robert C Furr    bnasralla@furrcohen.com
- Alvin S. Goldstein    mmitchell@furrcohen.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John R Thomas    jthomas@smithhulsey.com
- Scott A. Underwood    scott.underwood@fowlerwhite.com, denise.strand@fowlerwhite.com

By U.S. Mail:

The 20 largest unsecured creditors and appearances

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Order (Interim) Approving Employment of F&C.doc