

**ORDERED in the Southern District of Florida on May 14, 2013.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Case No.  13-20853-PGH
                                                   Chapter 11
TLO, LLC,

        Debtor.
_____/

### INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND SETTING FINAL HEARING FOR JUNE 11, 2013, AT 9:30 A.M.

THIS CAUSE came before the Court for hearing on May 14, 2013, in West Palm Beach, Florida, upon the Motion of TLO, LLC, as Debtor and Debtor-in-possession in the above-captioned case (the "Debtor"), for entry of an Order, pursuant to 11 U.S.C. §§105(a) and 366, determining adequate assurance of payment for future utility services [D.E. #5] (the "Motion"); the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (iv)

proper and adequate Notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein, it is

ORDERED:

1. The Motion is GRANTED.

2. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Utility Providers (as defined in the Motion) are forbidden to discontinue, alter or refuse service on account of any unpaid pre-petition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order.

5. Any Utility Provider who requests and accepts an Adequate Assurance Deposit shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider, and such Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case.

6. Any Utility Provider desiring an Adequate Assurance Deposit must serve an Adequate Assurance Request upon the Debtor at the following address: (i) TLO, LLC 4530 Conference Way South, Boca Raton, FL  33431; and (ii) Furr and Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, FL  33432, Attn.: Alvin S. Goldstein, Esquire.

7. Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposit; and (iv) set forth why the Utility Provider believed the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

8. Upon the Debtor's receipt of any Adequate Assurance Request at the addresses set forth above, the Debtor shall have the greater of: (i) 14 days from the receipt of such Adequate Assurance Request, or (ii) 30 days from the Petition Date to negotiate with such Utility Providers to resolve such Utility Provider's request for additional assurance of payment.

9. The Debtor may, in its discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payments, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

10. If the Debtor determines that the Adequate Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a Determination Hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility Provider pursuant to §366(c)(3) of the Bankruptcy Code.

11. Pending resolution of any such Determination Hearing, such particular utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtor on

account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

12. In order to resolve any Procedure Objections within 30 days following the Petition Date, the Final Hearing is set for **June 11, 2013 at 9:30 a.m., at Flagler Waterview Building, 1515 North Flagler Drive, Room 801, Courtroom A, West Palm Beach, Florida 33401**.

13. Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an Objection so that it is actually received within 20 days after entry of this Interim Order at the following addresses: (i) TLO, LLC, 4530 Conference Way South, Boca Raton, FL 33431; and (ii) Furr and Cohen, P.A., 2255 Glades Road, Suite 337W, Boca Raton, FL 33432, Attn.: Alvin S. Goldstein, Esquire.

14. Any Objection must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

15. The Debtor may, in its discretion, resolve any Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

16. If the Debtor determines that the Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Objection will be heard at the Final Hearing.

17. All Utility Providers who do not timely file a Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers who do not timely file an Objection shall be to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

18. In order to resolve any Objections the Court shall notice a Final Hearing by separate Notice.

19. A Utility Provider shall be deemed to have adequate assurance of payment unless and until: (i) the Debtor, in its sole discretion, agree to an Adequate Assurance Request or agree to an alternative assurance of payment with the Utility Provider during the Resolution Period; or (ii) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

20. The Debtor is authorized, in its sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

21. The Debtor shall serve a copy of this Order on each Utility Provider listed on the Utility Service List within 2 business days from the date this Order is entered and shall similarly serve this Order on each Utility Provider subsequently added by the Debtor to the Utility Service List.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Alvin S. Goldstein, Esquire
Furr and Cohen, P.A.
Attorneys for Debtor
2255 Glades Road, Suite 337W
Boca Raton, Florida  33432
(561) 395-0500
Fax: (561) 338-7532
E-mail:  agoldstein@furrcohen.com

Upon receipt of a signed copy of this Order, attorney Goldstein shall furnish a conformed copy on all parties listed below.

Copies furnished to:

By U.S. Mail:

TLO, LLC
4530 Conference Way South
Boca Raton, FL  33431

Utility Providers on Exhibit "A"

Twenty Largest Creditors and appearances

By Notice of Electronic Filing:

- Alan R Barbee     ecf@marcumllp.com
- Robert C Furr     bnasralla@furrcohen.com
- Alvin S. Goldstein     mmitchell@furrcohen.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- John R Thomas     jthomas@smithhulsey.com
- Scott A. Underwood     scott.underwood@fowlerwhite.com, denise.strand@fowlerwhite.com

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Utility Order (Interim).doc

**"EXHIBIT A"**
**UTILITY PROVIDERS**

BRE Boca Corporate Center, LLC (Electric)
39174 Treasury Center
Chicago, IL  60694-9100

DTE Boca Raton, LLC (Chilled Water)
414 South Main St. #600
Ann Arbor, MI  48104

Waste Management Palm Beach (Garbage Removal & Recycling)
P.O. Box 105348
Atlanta, GA  30348

T-Mobile (Cell)
P.O. Box 790047
St. Louis, MO  63179-0047

AT&T Wireless – 1997 (Cell)
P.O. Box 6463
Carol Stream, IL  60197-6463

AT&T – 561-N10-0043-043 (Internet)
P.O. Box 105373
Atlanta, GA  30348

Sprint – 8799 (Internet)
P. O. Box 219100
Kansas City, Mo  64121-9100

TW Telecom of FL, LP (Internet & Telephone)
P.O. Box 172567
Denver, CO  80217-2567

Cogent Communications, Inc. (Internet)
P. O. Box 791087
Baltimore, MD  21279-1087

AT&T Local – 0453 (Internet)
P. O. Box 105262
Atlanta, GA  30348-5262

AT&T – 0455 (Telephone)
P. O. Box 105262
Atlanta, GA  30348-5262