UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                      Case No: 13-20853-PGH
                                                                            Chapter   11
     TLO, LLC
_____/

**PRICE AND GREENCOOK'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
PROSECUTE COUNTERCLAIMS TO AFFIRMATIVE JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

WILLIAM H. PRICE ("PRICE") and GREEN COOK MANAGEMENT, LLC ("GREEN COOK") pursuant to 11 U.S.C. §362(d)(1), Bankruptcy Rule 4001 and Local Rule 4001-1,[1] move for relief from the Automatic Stay of 11 U.S.C. §362 in order to prosecute their compulsory counterclaims in the state court action described herein even to the extent said counterclaims exceed the amount of Debtor's claims against PRICE and GREEN COOK and, as grounds therefore, state:

**JURISDICTION/VENUE/CORE PROCEEDING**

1. Debtor filed a Chapter 11 proceeding on May 9, 2013.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**PRICE AND GREEN COOK**

5. PRICE, GREEN COOK, and their affiliates collectively own at least 17% of

---

[1] The Court's Guideline for Motions for Relief from the Automatic Stay is not applicable to this motion.

Debtor (they are the second largest owners of Debtor), and are creditors of Debtor.

6.     PRICE is also a member of the Board of Directors of Debtor, and, from the end of November 2012 through the end of February 2013, was a co-manager of Debtor, a Limited Liability Company.

## THE STATE COURT ACTION

7.     Debtor has sued PRICE and GREEN COOK in the Fifteenth Judicial Circuit Court, Palm Beach County, Florida in the case styled TLO, LLC v. William H. Price et. al; case no.: 502013CA006006XXXXMB (AD) ("State Court Action"), bringing a number of causes of action, principally alleging that PRICE: (i) made misrepresentations and submitted fraudulent financial statements relating to certain companies PRICE contributed to Debtor as part of the purchase price of PRICE and GREEN COOK's membership interest in TLO; (ii) failed to, in good-faith, resolve a dispute between the Debtor and a vendor of Debtor because it would result in him being able to continue to hold back $7,500,000 of the price of the purchase of his membership interest in the Debtor, (iii) improperly took $100,000 of Debtor's money for his own purposes; and (iv) intentionally took actions that were contrary to the Debtor's interest and otherwise poorly performing as a co-manager.[2] Among the causes of action are ones for breaches of a contribution agreement ("Contribution Agreement"), relating to the purchase of PRICE'S and GREEN COOK'S interest stemming from the alleged failure to pay the $7,500,000 hold back amount, as amended, and PRICE'S employment agreement ("Employment Agreement"). A copy of the Complaint in the State Court Action is attached hereto as Exhibit "1." PRICE and GREEN COOK'S Affirmative Defenses include: (i) prior material breach of the contracts; (ii) fraud in

---

[2]  PRICE and GREEN COOK believe these allegations are without merit but it is necessary to recite them here so that the court can properly consider the relatedness of the complaint and the counterclaims.

the inducement to execute the contracts; (iii) hindering and making impossible PRICE'S performance of the contracts; (iv) contributory negligence by virtue of Debtor's failure to properly review the information provided by PRICE and GREEN COOK at the time of sale; (v) waiver and unclean hands which specifically refer to the allegations of the counterclaim; and (vi) that actions PRICE is being sued for were based on his business judgment. A copy of PRICE and GREEN COOK's Answer, Affirmative Defenses and Counterclaims is attached hereto as Exhibit "2."

8. In their counterclaim in the State Court Action, PRICE and GREEN COOK made the same assertions as in their Affirmative Defenses but expanded upon them by further alleging that Debtor: (i) fraudulently induced PRICE and GREEN COOK to enter into contracts with it; (ii) ousted him as co-manager after he took actions to report and stop illegal activity in violation of Florida's Whistleblower law; (iii) breached the employment agreement by terminating him as co-manager; and (iv) breached the applicable Operating Agreement. Accordingly, a trial on the complaint, the affirmative defenses, and the counterclaim involve the same transactions and nearly identical facts and issues.

9. The counterclaims are in the nature of recoupment which, to the extent asserted defensively, are not subject to the automatic stay. In re Barrett, 410 B.R. 113, 122 (Bankr. S.D. Fla. 2009)("[r]ecoupment 'allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim.'"). However, PRICE and GREEN COOK believe the claims of Debtor have no merit or that the counterclaims otherwise far exceed the claims of Debtor and seek stay relief to the obtain an affirmative judgment (but not to take any measures to collect said judgment).

## CAUSE EXISTS FOR GRANTING STAY RELIEF

10. Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay for cause. As stated in In re Tricare Rehab. Sys., Inc., 181 B.R. 569 (Bankr. N.D. Ala. 1994):

> 'Cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim upon which the lawsuit is premised.

Id. at 572.

11. A number of courts, such as In re Johnson, 115 B.R. 634 (Bkrtcy.D.Minn.1989), In re Curtis, 40 B.R. 795 (Bkrtcy.D.Utah 1984), and Tricare, supra have outlined factors that are appropriate for a court's consideration in determining whether stay relief to allow a creditor to continue non-bankruptcy court litigation is appropriate. The Tricare court "reconciled and combined" the factors set out in Johnson an Curtis and found that the following factors were applicable in that case: (1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) cost of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; and (6) presence of third parties over which the bankruptcy court lacks jurisdiction. The court in In re Tricare explained that:

> principles of judicial economy require that, without good reason, judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once, if one forum with jurisdiction over all parties involved is available to fully dispose of all issues relating to the lawsuit

Tricare supra at 574.

12. The Tricare court found that it was appropriate to grant stay relief to a creditor to pursue a state court breach of contract and fraud action against the debtor and other defendants.

While the state court case in Tricare had been proceeding for some time and was almost ready for trial, which is not the situation here, the State Court Action here presents a situation that is even more compelling in favor of stay relief. Specifically, unlike Tricare (and Johnson and Curtis), the underlying State Court Action here was originally brought by the Debtor and the Debtor continues to vigorously pursue the State Court Action post-petition, including recently setting depositions. Accordingly, that fact that granting stay relief would put less burden on the estate then not granting stay relief and the saving of judicial resources should be controlling.

13. Not granting stay relief would result in great duplication of effort by both PRICE and GREEN COOK and the Debtor. Without stay relief, PRICE and GREEN COOK have a right to defend themselves in state court and assert recoupment defensively to offset Plaintiff's claim. However, if not stay relief is granted, to seek affirmative relief they would then have to file a claim in this bankruptcy proceeding where the inevitable objection would be litigated. Thus, there would be two proceedings, one litigating the counterclaim defensively, and one litigating the counterclaim affirmatively. In both proceeding the exact same facts and issues of law would be heard. Essentially, it would be two proceedings litigating the same things. There would be tremendous waste of judicial resources due to this needless to duplication. Accordingly, the goal of judicial economy would be served by granting this Motion.

14. Having two proceedings would result in great hardship for PRICE and GREEN COOK in terms of the expense of litigation and add great expense to the estate as well. This is significant litigation, with both sides seeking $30,000,000 or more in damages. See, Schedule B, no. 21 to the Petition, [ECF 1] and the counterclaim at page 38 attached hereto as Exhibit "2." The attorney's fees and costs for both sides are expected to be significant even for only one proceeding. If the proceedings are duplicated, these already significant fees and costs will greatly

increase.

15.  The two proceedings could also result in inconsistent rulings.

16.  Moreover, PRICE and GREEN COOK may be unfairly subjected to attorney's fees due to the severance of the affirmative litigation of the counterclaim. "Recovery on a counterclaim in excess of the plaintiff's claim may preclude the allowance of attorney's fees to the plaintiff." 40 Fla. Jur 2d Pleadings § 100 (citing Chicago Trust Co. v. Knabb, 142 Fla. 767, 781, 196 So. 200, 205 (1940)). If PRICE and GREEN COOK are not allowed to affirmatively recover, Plaintiff might be able to argue it is the prevailing party. The severance of the actions may also unjustly preclude the award of attorney's fees to PRICE and GREEN COOK. "Where, a defendant prevails in its counterclaim, he may be entitled to recover attorney's fees even though he is awarded less than the amount indicated in his or her claim." Id. (citing Peninsular Life Ins. Co. v. Howard, 72 So. 2d 389 (Fla. 1954)). However, it is not clear that PRICE and GREENCOOK will be able to add attorney's fees to their award if it comes in a bankruptcy claims proceeding.

17.  Both the Plaintiff/Counter-Defendant and the Defendants/Counter-Plaintiffs have requested a jury trial of the claims, defenses, and counterclaims which would not exist in a claims objection proceeding. Like the court in Tricare, this court should give consideration to the fact that the parties sought a jury trial and would lose that right if stay relief is not granted.

18.  There would be no hardship to Debtor who, again, is vigorously prosecuting the State Court Action, or burden on the estate if this Motion is granted. Again, it would save the estate money. Moreover, as in the Tricare case, litigation of the counterclaim in the State Court Action will not hinder or impede the administration of the bankruptcy estate since the State Court Action involves no property of the estate and any judgment rendered may only be enforced

against the Debtor by filing a claim in the bankruptcy court.

19. The State Court is well positioned to adjudicate any legal issues arising from PRICE and GREEN COOK's counterclaims which counterclaims are based on Florida state law. Indeed, the same issues will likely arise in the defense of Debtor's State Court Action whether or not PRICE and GREENCOOK's counterclaim is litigated there.

20. It is doubtful that the likelihood of success on the merits should be a factor here in that the State Court Action will proceed with or without stay relief. However, if the court does consider this factor, PRICE and GREEN COOK can show that their counterclaims are very meritorious.

21. Another factor considered by Tricare was whether there were any preliminary bankruptcy issues which needed to be determined before the state court litigation could proceed. Like, in Tricare, there do not appear to be any such issues.

22. Finally, it bears repeating that the counterclaims are in the nature recoupment, a form of set-off or alternatively are, at the very least, in the nature of set-off. Claims for set-off are specifically allowed under 11 U.S.C. §553. This court should consider that claims for set-off are specifically allowed under 11 U.S.C. §553.

23. For these foregoing reasons, the furtherance of justice compels the granting of this motion for relief from the automatic stay to allow PRICE and GREEN COOK to prosecute the counterclaim in the State Court Action through judgment.

WHEREFORE, PRICE and GREEN COOK respectfully request the Court to grant this motion for relief from the automatic stay of section 362 of the Bankruptcy Code to allow PRICE and GREEN COOK to prosecute the counterclaim in the State Court Action through judgment.

          **Barry S. Balmuth, B.C.S.**
          **Barry S. Balmuth, P.A.**
          **1601 Forum Place, Suite 1101**
          **West Palm Beach, FL 33401**
          **Ph: (561) 242-9400**
          **Fx:  (561) 478-2433**
          **Florida Bar No. 868991**
          **balmuthlaw@alum.emory.edu**

**BY:** **/s Barry S. Balmuth**
          **Barry S. Balmuth**

    I hereby certify that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court order dated May 14, 2013.

          **E. Cole FitzGerald III, Esq.**
          **Steven A. Mayans, Esq.**
          **FitzGerald, Mayans & Cook, P.A.**
          **515 N. Flagler Drive, Suite 900**
          **Ph: (561) 832-8655**
          **Fx: (561) 832-8678**
          **Florida Bar No. 177789 (E. Cole FitzGerald)**
          **Florida Bar No. 492663 (Steven A. Mayans)**
          **Fitzgerald@fmc-lawfirm.com**
          **Mayans@fmc-lawfirm.com**

**BY:** **/s/  E. *Cole FitzGerald III***
**BY:** **/s/ Steven A. Mayans**