

**ORDERED in the Southern District of Florida on May 17, 2013.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Case No. 13-28053-PGH
                                                   Chapter 11
TLO, LLC,

        Debtor.
_____/

**INTERIM ORDER (A) AUTHORIZING THE DEBTOR (I) TO MAINTAIN BANK ACCOUNTS AND TO CONTINUE TO USE EXISTING BUSINESS FORMS AND CHECKS, (II) TO CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM; (B) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES AND (C) SETTING FINAL HEARING**

**THIS MATTER** came before the Court on the 14th day of May, 2013, in West Palm Beach, Florida, upon the motion (the "Motion") [D.E. #8] filed by the above-captioned debtor (the "Debtor") for authority to maintain, on an interim and final basis, its existing Bank Accounts[1] and to continue to use its existing Business Forms, checks and cash management

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 1 -

system; and for a waiver of certain investment and deposit guidelines; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, thereupon

**ORDERS AND ADJUDGES** as follows:

1. The Motion is **GRANTED**, on an interim basis.

2. The Debtor is authorized, on an interim basis, to maintain and use its existing cash management system, as more fully set forth in the Motion. In connection with the ongoing utilization of the cash management system, the Debtor shall continue to maintain strict records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions.

3. The Debtor is authorized, on an interim basis, to maintain and use its existing bank accounts (the "Bank Accounts") in the names and with the account numbers existing immediately prior to the Petition Date.

4. The requirement in the United States Trustee Guidelines (the "Guidelines") that the Debtor establish a specific new bank account for tax payments is waived.

5. The Debtor shall retain the authority to close certain of its Bank Accounts and open new debtor-in-possession accounts, or otherwise make changes to its cash management system as it deems necessary to facilitate its Chapter 11 case and operations, or as may be

necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court. In the event that the Debtor opens or closes any additional bank accounts, such opening or closing shall be timely indicated on the Debtor's monthly operating reports and/or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for the Southern District of Florida.

6. The Debtor is authorized, on an interim basis, to deposit funds in and withdraw funds from its Bank Accounts by all usual means including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7. The Debtor is authorized, on an interim basis, to continue to use its preprinted checks, correspondence and Business Forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's debtor-in-possession status; provided that the Debtor will add the "Debtor-in-Possession" designation to any new checks that they obtain or create post-petition.

8. Subject to paragraphs 9-14 below, the Debtor's banks and any and all other financial institutions receiving or transferring funds from the Debtor are hereby authorized and directed to cooperate with respect to the Debtor's efforts to maintain and use its cash management system and accounts.

9. With respect to Wells Fargo Bank, N.A. ("Wells Fargo"), the Debtor has established the following pre-petition accounts:

    a. Account Number *********5093 (commonly known as the TLO, LLC Collateral Account);

  b. Account Number *********5103 (commonly known as the TLO, LLC Receivables Account);

  c. Account Number *********5116 (commonly known as the TLO, LLC Payables Account);

  d. Account Number *********5307 (commonly known as the TLO, LLC General Account);

  e. Account Number ******8454 (commonly known as the TLO, LLC Merchant Account);

  f. Account Number ******9512 (commonly known as the TLO, LLC Payroll Account);

  g. Account Number ******0207 (commonly known as TLO, LLC Account); and

  h. Account Number *********8344 (commonly known as the Wells One Commercial Credit Card Agreement with a maximum limit of $200,000)

  (collectively, the foregoing accounts are known as the "Wells Fargo Accounts").

  10. In connection with the TLO LLC Merchant Account, Wells Fargo provides automated clearing house services known as the "ACH Service" to the Debtor. With respect to the ACH Service, Wells Fargo provides immediately available provisional credit on deposits and/or collections from time to time to the Debtor with a maximum exposure to the Debtor of $100,000. With respect to the Wells One Commercial Credit Card Agreement, Wells Fargo is authorized to make advances from time to time on behalf of the Debtor with a maximum exposure to the Debtor of $200,000.

11.     As security for all indebtedness owed by the Debtor to Wells Fargo in respect of the Wells One Commercial Credit Card Agreement and the ACH Service, the Debtor granted to Wells Fargo a security interest in the TLO, LLC Collateral Account (*********5093), pursuant to which the Debtor is required to maintain a minimum deposit balance of $400,000.00. (Collectively, the Debtor's obligations in connection with the ACH Service, the Wells One Commercial Credit Card Agreement, and the security agreement governing the TLO, LLC Collateral Account are the "Wells Fargo Obligations".)

12.     The Debtor shall continue to maintain at all times a minimum of $400,000 in the TLO, LLC Collateral Account, inasmuch as Wells Fargo has and shall continue to have a valid and perfected, non-avoidable first-priority lien on the funds in the TLO, LLC Collateral Account to secure the Wells Fargo Obligations. Such lien shall not be primed by any lien granted to any post-petition lender or other person. To satisfy the requirement that Wells Fargo continue to have a valid and perfected, non-avoidable first-priority lien on the funds in the TLO, LLC Collateral Account, the Debtor grants Wells Fargo a priming lien and security interest pursuant to Section 364(d)(1) of the Bankruptcy Code with respect to any cash collateral necessary to maintain the minimum balance of $400,000.00 in the TLO, LLC Collateral Account and to discharge the Wells Fargo Obligations (the "Additional Collateral").

13.     With respect to the Wells Fargo Accounts, it is ordered that:

a.      Wells Fargo is authorized to debit such accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the accounts that are cashed at the bank's counters or exchanged for cashier's checks by the payees thereof prior to the petition date; (ii) all checks or other items deposited in any one of the Wells Fargo Accounts prior to the petition date that have been dishonored or

returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the petition date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo in respect of the Wells Fargo Obligations, including any ordinary monthly service charges for the maintenance of the Wells Fargo Accounts or ACH Services;

      b.      Wells Fargo may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the petition date should be honored pursuant to this or any other order of this Court, and Wells Fargo shall not have any liability to any party for relying on such representations by the Debtor as provided for herein;

      c.      all agreements existing between the Debtor and Wells Fargo, including, but not limited to, the Wells One Commercial Credit Card Agreement and any agreements governing the ACH Services (which contemplate further advances of credit up to an aggregate of $300,000 at any one time, as discussed above), shall continue to govern the Wells Fargo Accounts and the post-petition cash management relationship between the Debtor and Wells Fargo, and all of the provisions of such agreements including, without limitation, the termination and fee provisions, shall remain in full force and effect;

      d.      Wells Fargo is authorized to continue servicing all credit cards issued under the Wells One Commercial Credit Card Agreement in the normal course, and the Debtor is authorized to pay any valid claim incurred prior to or after the petition date in

connection with the use of such credit cards and coming due after the petition date in the normal course;

      e.    the Debtor and Wells Fargo may, without further Order of this Court, agree to and implement changes to the Wells Fargo Accounts and the cash management systems and procedures in the ordinary course of business including, without limitation, the opening and closing of accounts;

      f.    Wells Fargo's liens against the Additional Collateral that secure the Wells Fargo Obligations constitute perfected, valid, binding and non-avoidable first priority liens on all such Additional Collateral; and

      g.    The Wells Fargo Obligations that are incurred post-petition shall constitute administrative claims that the Debtor is hereby authorized to pay in the ordinary course without further application to the Court. However, to the extent the Additional Collateral is insufficient to satisfy the Wells Fargo Obligations, Wells Fargo shall have a claim allowed under Sections 507(a)(2) and 507(b) of the Bankruptcy Code (the "<u>Section 507(b) Claim</u>"), and such Section 507(b) Claim shall be entitled to priority over every other claim allowable under such Section 507(a)(2). Notwithstanding the foregoing, such Section 507(b) Claim of Wells Fargo shall be subject to (a) the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 (including, without limitation, fees under 28 U.S.C. § 1930(a)(6)), and (b) the fees due to the Clerk of the Court.

14.    Notwithstanding anything in the Motion or this Order to the contrary, this Order is intended to preserve the "status quo" with respect to the existing and ongoing banking and credit services relationship between Wells Fargo and the Debtor, including, but not limited to: (i) the continued use of the ACH Services and the Wells One Commercial Credit Card Agreement;

(ii) the Debtor's obligation to maintain a minimum account balance of $400,000.00 in the TLO, LLC Collateral Account; and (iii) Wells Fargo's first-priority lien on the TLO, LLC Collateral Account as security for the Wells Fargo Obligations.

15. Subject to Section 553 of the Bankruptcy Code and, further, subject to paragraphs 9-14 above, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing or otherwise impeding the Debtor's use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of this Court.

16. The requirements of Section 345(b) of the Bankruptcy Code are hereby suspended with respect to the Debtor's Bank Accounts.

17. The Court shall conduct a final hearing (the "Final Hearing") on the Motion on **June 11, 2013 at 9:a.m., United States Bankruptcy Court, Room 801, Courtroom A, Flagler Waterview Building, 1515 North Flagler Drive, West Palm Beach, Florida 33401**.

18. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Motion, and any such objection will be considered on a *de novo* standard at the Final Hearing.

19. The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

###

Submitted by:

Alvin S. Goldstein, Esquire
Furr and Cohen, P.A.
Attorney for Debtor
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561)395-0500/(561)338-7432 fax

e-mail: agoldstein@furrcohen.com
Florida Bar No. 993621

Copies furnished to:

By U.S. Mail:

TLO, LLC
4530 Conference Way South
Boca Raton, FL  33431

By Notice of Electronic Filing:

- Barry S Balmuth     balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com
- Alan R Barbee     ecf@marcumllp.com
- Joseph D Frank     jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com
- Robert C Furr     bnasralla@furrcohen.com
- Alvin S. Goldstein     mmitchell@furrcohen.com
- Todd C Meyers     tmeyers@kilpatricktownsend.com, rrahman@kilpatricktownsend.com;lcanty@kilpatricktownsend.com;mlangford@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- John R Thomas     jthomas@smithhulsey.com
- Scott A. Underwood     scott.underwood@fowlerwhite.com, denise.strand@fowlerwhite.com

*(Attorney Goldstein is directed to serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.)*

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Bank Accounts Order.doc