UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

Case No. 13-20853-PGH
Chapter 11

TLO, LLC,

Debtor.
_______________/

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR'S RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS**

The Debtor-in-Possession, TLO, LLC (the "Debtor"), by and through undersigned counsel, hereby move for entry of an order , substantially in the form annexed hereto, authorizing the Debtor to retain and compensate certain professionals utilized in the ordinary course of the Debtor's business. In support thereof, the Debtor states as follows:

1. On May 9, 2013 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. The Debtor is a Florida limited liability company which is based in Boca Raton and was formed in March, 2009 to provide risk management, due diligence and fraud prevention information and investigative technology products and solutions to public and private sector industries. The Debtor offers information products and services to many of the nation's investigators, collection agencies, attorneys, financial institutions, corporate security departments, insurance companies, governmental agencies and law enforcement agencies.

4. The Debtor continues to operate its business and manage its assets as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. This Court has jurisdiction over these Chapter 11 cases (the "Chapter 11 Cases") under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C.§ 157(b)(2).

6. The statutory predicates for the relief requested herein are sections 327, 328, and 330 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in these cases, nor has an official committee of unsecured creditors been established.

8. The Debtor employs various attorneys, accountants and other professionals in the ordinary course of their business (each, an "OCP" and, collectively, the "OCPs"). The OCPs provide services for the Debtor in a variety of matters unrelated to these Chapter 11 cases, including legal services with regard to specialized areas of the law such as state court litigation, accounting services, auditing and tax services and certain consulting services. A list of the Debtor's current OCPs is annexed hereto as Exhibit B.

9. The Debtor submits that the continued employment and compensation of the OCPs is in the best interests of their estate, creditors and other parties in interest. Although the Debtor anticipates that the OCPs will wish to continue to represent the Debtor on an ongoing basis, some may not be in a position to do so if the Debtor cannot pay them on a regular basis. Without the background knowledge, expertise and familiarity that the OCPs have relative to the Debtor and its operations, the Debtor undoubtedly would incur additional and unnecessary expenses in educating replacement professionals about the Debtor's business and financial operations. In addition, due to the nature of its business, the Debtor regularly has the need to

engage professionals for one discrete task, such as requiring an attorney to wash a subpoena in a foreign jurisdiction. The Debtor's estate and its creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operation of the Debtor's business. Moreover, in light of the substantial number of OCPs, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtor submits that it would be impractical, inefficient and extremely costly for the Debtor and its legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

10. Although some of the OCPs may hold relatively small unsecured claims against the Debtor in connection with services rendered to the Debtor pre-petition, the Debtor does not believe that any of the OCPs have an interest materially adverse to the Debtor, its creditors or other parties-in-interest.

**RELIEF REQUESTED**

11. The Debtor seeks permission to continue to employ the OCPs post-petition and to retain any new OCP post-petition without each OCP having to file a formal application for employment or compensation pursuant to sections 327, 328, 329 or 330 of the Bankruptcy Code.

12. Specifically, with respect to the OCPs, the Debtor requests that the Court dispense with the requirement of individual employment applications and retention orders, and that each OCP be retained on terms substantially similar to those in effect prior to the Petition Date, but subject to the following proposed terms and procedures ( the "Compensation Procedures").

13. The Debtor shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and expenses to each of the OCPs retained by the Debtor upon (i) each OCP's submission of a Declaration of Disinterestedness (as defined below); and (ii) upon

the Debtor's submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that each OCP's fees, excluding expenses, do not exceed $10,000 per month on average over a rolling three-month period while these Chapter 11 cases are pending.

14. Any payments to an OCP in excess of the fee cap set forth in paragraph 13 above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, the Fee Guidelines promulgated by the Executive Office of the United States Trustee and any applicable orders of the Court.

15. The Debtors also propose to reserve the right to retain additional OCPs from time to time during these cases, as the need arises, by filing a list or lists of such additional professionals with the Court and serving the same on the Notice Parties (defined below).

16. No later than twenty (20) days after the entry of the order sought by this Motion, each OCP on the list annexed hereto as Exhibit B shall file with the Court and serve upon (i) the Debtors; (ii) the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee"); (iii) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(4); (iv) counsel to any statutory committee; and (v) counsel for the Debtors' prepetition secured lenders (together, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness ") substantially similar to the form annexed as Exhibit C.

17. The Notice Parties shall have twenty (20) days after the file date of the Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. An objecting party shall serve such objection upon the Notice Parties and the respective

OCP on or before the Objection Deadline. If any such objection cannot be resolved, the matter shall be scheduled for hearing before the Court. If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtor shall be authorized as a final matter to retain and pay such OCPs to whom an objection was not filed.

18. Each quarter while the Chapter 11 Case is pending, the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (i) the name of the OCP, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter and (iii) a general description of the services rendered by that OCP.

19. The Debtor may supplement the list of OCPs as necessary, add or remove OCPs, from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtor shall file a notice with the Court listing the additional OCPs that the Debtor intends to employ (the "OCP Notice") and serve notice on the Notice Parties. Each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within twenty (20) days of filing of the Declaration of Disinterestedness, no objections are filed to any such additional OCP, then retention of the QCPs shall be deemed approved by the Court without a hearing or further order.

20. By this Motion, the Debtors are not requesting authority to pay pre-petition amounts owed to OCPs.

21. In addition to the foregoing, the Debtor seeks authorization for its continued employment of Derek A. Dubner, PLLC, as its general counsel, along the same terms and

conditions set forth in this motion, except that Mr. Dubner is paid at an annual rate of $171,600 as a 1099 employee.

**SUPPORTING AUTHORITY**

22. Courts in this district and other districts consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court: (a) whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization; (b) whether the entity is involved in negotiating the terms of a plan of reorganization; (c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate; (e) the extent of the entity's involvement in the administration of the debtor's estate; and (f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term. See, e.g,, *In re ITG Vegas, Inc.*, 2007 WL 1087212, at *1 (Bankr. S.D. Fla. 2007) citing *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2 (Bankr. D. Del. 1997) ("The six-factor test ... is designed to harmonize ... limit[ing] the definition of professionals to those occupations that play a central part in the reorganization, with those cases that define a professional as an employee that is given discretion or autonomy in some part of the debtor's estate."); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327); see also *In re That's Entm't Mktg. Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central

to the administration of the estate require prior court approval under section 327).

23. The foregoing factors must be considered in the totality (i.e., none of the factors alone is dispositive). See *In re ITG Vegas, Inc.*, at *2 (weighing the above factors against one another and considering them in totality). Considering all of the factors in this case, the Debtor does not believe that the OCPs are "professionals" within the meaning of section 327 of the Bankruptcy Code. Specifically, the OCPs will not be involved in the administration of these Chapter 11 Cases but, instead, will provide services in connection with the Debtor's ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtor seeks the relief requested in this motion to establish clear mechanisms for retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

24. Courts in this district and elsewhere have routinely granted the same or similar relief to Chapter 11 debtors in other large Chapter 11 cases. See, e.g., *In re All American Semiconductor, Inc.*, No. 07-12963 (Bankr. S.D. Fla. May 22, 2007); *In re Gemini Cargo Logistics, Inc.*, No. 06-10870 (Bankr. S.D. Fla. Apr. 11, 2006); *In re Atlas World-wide Aviation Logistics, Inc.*, No. 04-10792 (Banks. S.D. Fla. Feb. 10, 2004); *In re Dura Auto. Sys., Inc.*, No. 06-11202 (Bankr. D. Del. Nov. 20, 2006); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006).

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A (a) authorizing the Debtor to employ and compensate certain OCPs on the terms and conditions set forth herein and, with respect to the OCPs, pursuant to the Compensation Procedures; and (b) granting such other and further relief as the Court deems necessary.

I HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished to the 20 largest unsecured creditors and parties filing appearances with the Notice of Hearing on this Motion.

FURR AND COHEN, P.A.
Attorneys for the Debtor
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500/(561)338-7532-fax

By */s/ Alvin S. Goldstein*
ALVIN S. GOLDSTEIN
Florida Bar No. 993621
E-Mail: agoldstein@furrcohen.com

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Retention and Compensation of Ordinary Course Professionals.doc

EXHIBIT A -Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

Case No. 13-20853-PGH
Chapter 11

TLO, LLC,

Debtor.
_______________/

**ORDER AUTHORIZING THE DEBTORS' RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the motion (the "Motion")[1] of the above-captioned Debtor and Debtor-in-possession (collectively, the "Debtor") for entry of an order authorizing the Debtor to retain and compensate certain professionals utilized in the ordinary course of the Debtor's business; the relief requested is in the best interests of the Debtor's estate, its creditors and all other parties-in-interest; due and sufficient notice of the Motion having been given; it appearing that no other or further notice need be provided; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, the Court

ORDERS AND ADJUDGES as follows:

1. The Motion is GRANTED.

2. The Debtor shall be and hereby is authorized, but not required, to retain and pay reasonable fees and expenses for the services of various attorneys, accountants and other professionals in the ordinary course of their business (each, an "OCP" and, collectively, the "OCPs") to assist and advise the Debtor in the operation of its business and to defend the Debtor in matters arising in the ordinary course of the Debtor's business.

3. The following procedures for the retention of OCPs shall be and hereby are approved: (a) the Debtor shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and expenses to each of the OCPs retained by the Debtor upon (i) each OCP's submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the Debtor's submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that each OCP's fees, excluding expenses, do not exceed $10,000 per month on average over a rolling three-month period while this chapter 11 case is pending; (b) any payments to an OCP in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court; (c) no later than twenty (20) days after the entry of this order, each OCP on the list

annexed hereto as Exhibit A shall file with the Court and serve upon (i) the Debtors; (ii) the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee"); (iii) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to any statutory committee; and (v) counsel for the Debtors' prepetition secured lenders (together, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness") substantially similar to the form annexed as Exhibit B; (d) the Notice Parties shall have twenty (20) days after the file date of the Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. An objecting party shall serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtor shall be authorized as a final matter to retain and pay such OCPs to whom an objection was not filed; (e) each quarter while this Chapter 11 Case is pending, the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP statement shall include the following information: (i) the name of the OCP, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter and (iii) a general description of the services rendered by that OCP; (f) the Debtor may supplement the list of OCPs as necessary, add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtor shall file a notice with the Court listing the additional OCPs that the

Debtor intends to employ (the "OCP Notice") and serve notice on the Notice Parties. Each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within twenty (20) days of filing of the Declaration of Disinterestedness, no objections are filed to any such additional OCP, then retention of the OCPs shall be deemed approved by the Court without a hearing or further order.

4. The Debtor is further authorized to continue the pre-petition retention of Derek Dubner, PLLC, on the same terms and conditions provided the Debtor and Mr. Dubner comply with the additional conditions of this order.

5. The Debtor shall be and hereby is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

6. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Alvin S. Goldstein, Esquire
Furr and Cohen, P.A.
Attorneys for Debtor
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, FL 33431
(561)395-0500/(561)338-7532 fax
e-mail: agoldstein@furrcohen.com

Attorney Alvin S. Goldstein is directed to serve a copy of this Order on all parties listed below and file a Certificate of Service with the Court.

By Notice of Electronic Filing:

- Barry S Balmuth balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com
- Alan R Barbee ecf@marcumllp.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com
- Robert C Furr bnasralla@furrcohen.com
- Alvin S. Goldstein mmitchell@furrcohen.com
- Todd C Meyers tmeyers@kilpatricktownsend.com, rrahman@kilpatricktownsend.com;lcanty@kilpatricktownsend.com;mlangford@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- John R Thomas jthomas@smithhulsey.com
- Scott A. Underwood scott.underwood@fowlerwhite.com, denise.strand@fowlerwhite.com

By U.S. Mail:

The 20 largest unsecured creditors and appearances

H:\LIBRARY\BANKRUPTCY\TLO LLC 13-083\PLD\Order (Final) re Ordinary Course Professionals.doc

EXHIBIT B

List of Professionals

| | |
|---|---|
| Arnall Golden Gregory, LLP<br>171 17th Street, NW #2100<br>Atlanta, GA 30363 | $450 to $650/hour |
| Baker & McKenzie LLP<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, TX 75201 | $200 to $730/hour |
| Hunt & Hunt Lawyers<br>385 Bourke Street, Level 26<br>Melbourne, VIC 3000<br>AUSTRALIA | $$300 to $510/hour |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

TLO, LLC,

Debtor.
_______________/

Case No. 13-20853-PGH
Chapter 11

**DECLARATION OF DISINTERESTEDNESS**

I, ______________________________, declare under penalty of perjury:

1. I am a [position ] of [Company], located at [Street, City, State zip code] (the "Company").

2. The above-captioned debtors and debtors in possession (collectively, the "Debtor") has requested that the Company provide [specific description] services to the Debtor, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the fixture, in matters unrelated to this Chapter 11 Case, for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. The Company does not perform services for any such person in connection with these chapter I I cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or its estate.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants, and parties-in-interest in this chapter 11 case.





5. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

6. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

7. The Debtor owes the Company [$^] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8. As of the Petition Date, the Company [was/was not] parry to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as Exhibit 1 to this Declaration].

9. The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ________________ 2013

[DECLARANT]