**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                    **Chapter 11**

**TLO, LLC,**                                                    **Case No. 13-20853-PGH**

    **Debtor.**
_____/

**APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT**
**OF THOMAS SANTORO AND GLASSRATNER ADVISORY & CAPITAL GROUP,**
**LLC, AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 21, 2013**

    The Official Committee of Unsecured Creditors (the "Committee") of TLO, LLC ("TLO" or the "Debtor"), respectfully requests the entry of an order, pursuant to 11 U.S.C §§ 327(a), 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, authorizing the employment of Thomas Santoro ("Mr. Santoro") and GlassRatner Advisory & Capital Group, LLC ("GLASSRATNER")(collectively the "Applicant") *nunc pro tunc* to June 21, 2013, to represent the Committee as its financial advisors.  In support of this Application, the Committee relies upon the Declaration of Thomas Santoro attached hereto and marked as **Exhibit "A"** (the "Santoro Declaration").  In further support of this Application, the Committee respectfully represents as follows:

**JURISDICTION**

    1.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Consideration of this Application is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

2.      On May 9, 2013, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code in the  Southern District of Florida. Since that time, the Debtor has operated as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      On May 29, 2013, the United States Trustee's Office for the Southern District of Florida, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee of Creditors Holding Unsecured Claims to represent the interests of all unsecured creditors in this Chapter 11 Case. [D.E. 81].  On May 31, 2013, the United States Trustee filed an *Amended Appointment and Notice of Appointment of Committee of Creditors* and selected the following seven (7) parties to serve as members of the Committee: (i) Equifax Information Services, LLC (ii) Experian North America, (iii) Tracers Information Specialists, Inc., (iv) Dun & Bradstreet, (v) Dell Financial Services, LLC, (vi) LSSiDATA, and (vii) SMA Communications [D.E. 85].

4.      At a duly convened meeting of the Committee held on June 21, 2013, the Committee voted to retain Applicant as its Financial Advisors.

## RELIEF REQUESTSED

5.      By this Application, the Committee respectfully requests the entry of an order pursuant to Sections 327(a), 328 and 1103 of the Bankruptcy Code authorizing the Committee's retention of Mr. Santoro and GLASSRATNER, *nunc pro tunc* to June 21, 2013, as its financial advisor to provide certain financial services that will be necessary during this case as more fully described below.

6.      An Engagement letter between the Committee and GLASSRATNER, dated as of June 24, 2013 is attached hereto and marked as **Exhibit "B"** (the "Engagement Letter") and incorporated herein by reference.  The Engagement Letter describes (a) the various services that

2

GLASSRATNER anticipates performing for the Committee in this Chapter 11 case (as described more fully herein) and (b) the terms and conditions of GLASSRATNER's proposed engagement by the Committee.

7.      The Committee conducted interviews with several financial advisory firms, and received expressions of interest from several others.   Ultimately, the Committee selected GLASSRATNER because of its excellent qualifications and its favorable fee structure.

### GLASSRATNER'S QUALIFICATIONS

8.      The Committee respectfully submits that the services of GLASSRATNER are necessary and appropriate to enable it to continue to evaluate the complex financial and economic issues that have and will continue to arise during the pendency of this Chapter 11 case and to assist the Committee in fulfilling its fiduciary and statutory duties to the Debtor's unsecured creditors.

9.      GLASSRATNER is a national specialty financial advisory services firm with 100 professionals firm-wide with offices in various locations including but not limited to Miami, Florida. GLASSRATNER provides a broad range of corporate advisory services to its clients including, without limitation, financial advice and assistance regarding: (i) general corporate financial matters (ii) mergers, acquisitions and divestitures (iii) corporate restructurings (iv) special committee assignments and (v) forensic accounting.

10.     The Committee has selected GLASSRATNER because of its professional expertise in providing financial advisory services to debtors and creditors in restructuring and distressed situations. Mr. Santoro is a nationally recognized financial advisor with over 25 years of highly valued experience managing complex business matters as an advisor to lenders, companies and attorneys.  Mr. Santoro's background includes all phases of crisis management,

business turnarounds, restructurings and executive management with emphasis on designing and implementing strategic solutions in challenging situations.  Additionally, Mr. Santoro has been engaged in a wide variety of high-profile matters serving as Financial Advisor, Chief Restructuring Officer, Investment Banker, Plan Administrator and Expert Witness on behalf of lenders and companies in both bank workouts and court-supervised restructurings and as an advisor in corporate transactions.

11.     In light of the complexity of this Chapter 11 case, the Committee requires the services of a seasoned and experienced financial advisor to, among other things, assist the Committee in (i) understanding the Debtor's business and operations, (ii) executing its fiduciary duties and (iii) maximizing the value of the Debtor's estate.  The Committee submits that the employment and retention of GLASSRATNER is in the best interests of the Committee and its constituents.

## SERVICES TO BE RENDERED

12.     The services of Applicant are necessary to enable the Committee to execute faithfully its duties.  Subject to order of this Court, GLASSRATNER will render, among others, the following services:

a.     Assist and advise the Committee with respect to the Debtor's proposed disposition of assets and/or the sale of business units;

b.     Assist in the review of financial information distributed by the Debtor to creditors and others, including, but not limited to, cash flow projections, budgets, cash receipts and disbursements, analyses of various asset and liability accounts, analysis of intercompany accounts and transactions and analyses of proposed transactions for which Court approval is sought;

c.     Assistance in the review of the Debtor's corporate ownership and capital structure as it impacts potential claims or various entities and creditor recoveries;

4

d.  Assist in evaluating the Debtor's proposed plan of reorganization, including among other things, evaluating plan feasibility and business valuation in the proposed plan;

e.  Assist in the evaluation of the Debtor's operations and identifying restructuring opportunities to reduce costs and/or increase profitability;

f.  Assist in the monitoring of the Debtor's operating results and cash flows;

g.  Attend meetings and assist in discussions with and among the Debtor and its counsel and advisors, secured lenders, the Committee and other parties of interest and professionals retained, as required;

h.  Coordination with the Debtor's financial advisors in the review of  the  Debtor's proposed plan of reorganization, operations and financial information as appropriate and necessary to benefit the Committee;

i.  Assist in developing a possible proposed competing plan of reorganization;

j.  Assist, evaluate and analyze avoidance actions, including fraudulent conveyances and preferential transfers, and in the review of potential claims levels and the Debtor's reconciliation and estimation process;

k.  Litigation advisory services, including expert testimony, with respect to financial and accounting matters and case related issues as required by the Committee;

l.  Oversee any sale process of the Debtor's assets, including coordinating activities with the Debtor's Investment Banker if one is retained.

m.  Other services, as requested by the Committee.

13.    In light of GLASSRATNER's substantial expertise in all of these areas, the Committee believes that GLASSRATNER is well-qualified to perform these services and assist the Committee in this Chapter 11 case.    Subject to this Court's approval of the Application, GLASSRATNER is willing to serve as the Committee's financial advisors and to perform the services described above.

5

## <u>DISINTERESTEDNESS OF PROFESSIONALS</u>

14.     To the best of the Committee's knowledge, information, and belief, other than as set forth in the Santoro Declaration, GLASSRATNER has no connection with (i) the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing; or (ii) the Office of the United States Trustee of the Southern District of Florida or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Florida.

15.     Further, to the best of the Committee's knowledge, information, and belief, other than as set forth in the Santoro Declaration, GLASSRATNER does not hold or represent an interest adverse to the estates with respect to the matter on which GLASSRATNER will be employed, in accordance with sections 327(a), 328 and 1103(b) of the Bankruptcy Code and has not provided, and will not provide any, professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 case.

16.     Based upon the foregoing, the Committee believes that GLASSRATNER is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## <u>PROFESSIONAL COMPENSATION</u>

17.     The Committee seeks approval of the fee structure described in the Engagement Letter (the "Fee Structure") pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) provides, in relevant part, that a Committee appointed under Section 1102 of the Bankruptcy Code "with the court's approval, may employ or authorize the employment of a professional person under section 327 or section 1103 of this title, as the case may be, on any reasonable

terms and conditions of employment, including a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. 328(a).

18.    The terms of GLASSRATNER's proposed compensation are fully set forth in the Engagement Letter, and the Committee respectfully refers this Court to the Engagement Letter for a full recitation of its terms.   In summary, pursuant to the terms and conditions of the Engagement Letter and subject to this Court's approval, GLASSRATNER will be compensated on an hourly basis as follows:

.    The hourly rates for personnel at GLASSRATNER are as follows:

| Personnel | Rate |
|---|---|
| Thomas Santoro | $425 |
| William King | $350 |
| Other Professionals | $150-$295 |

19.    Additionally, GLASSRATNER will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

20.    The fees and expense reimbursement provisions described above are consistent with normal and customary billing practices for cases of this size and complexity which require the level of scope and services outlined. GLASSRATNER and the Committee also believe that the foregoing compensation arrangements are both reasonable and market-based.

21.    GLASSRATNER intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.   GLASSRATNER agrees to accept as compensation such sums as may be

7

allowed by the Court and understands that interim and final fee awards are subject to approval by this Court.

## <u>NO PREVIOUS REQUEST</u>

22.     No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** the Committee respectfully requests that the Court enter an Order (i) authorizing the Committee's retention of Thomas Santoro and GLASSRATNER as its financial advisor for the Committee on the terms set forth herein *Nunc Pro Tunc* to June 21, 2013; and (ii) granting such other and further relief as may be just and proper.

Dated this <u>27</u><sup>th</sup> day of June, 2013.

> **GENOVESE JOBLOVE & BATTISTA, P.A.**
> *Attorneys for the Official Committee of Unsecured Creditors*
> 100 Southeast Second Street
> Suite 4400
> Miami, Florida 33131
> Telephone: (305) 349-2300
> Telecopier: (305) 349-2310
>
> By: /s/  *Paul J. Battista*
> Paul J. Battista, Esq.
> Florida Bar No. 884162
> pbattista@gjb-law.com
> Mariaelena Gayo-Guitian, Esq.
> Florida Bar No. 0813818
> mguitian@gjb-law.com

8

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of this Application was served to all registered users through the CM/ECF System or by U.S. Mail to all other parties on the attached service list on this <u>27th</u> day of June, 2013.

By<u>:    /s/ *Paul J. Battista*           </u>
           Paul J. Battista, Esq.

## SERVICE LIST

Barry S Balmuth, Esq on behalf of Creditor Greencook Management LLC
balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com

Barry S Balmuth, Esq on behalf of Creditor Mary N. Price
balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com

Barry S Balmuth, Esq on behalf of Creditor William H Price
balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com

David E Bane, Esq on behalf of Creditor CoreLogic, Inc.
dbane@hunton.com, aflynn@hunton.com

Alan R Barbee
ecf@marcumllp.com

Paul J. Battista, Esq on behalf of Creditor Committee Creditor Committee
pbattista@gjb-law.com, gjbecf@gjb-law.com

Alexandra D Blye on behalf of Interested Party BRE/BOCA Corporate Center L.L.C.
ablye@carltonfields.com, kdemar@carltonfields.com;wpbecf@cfdom.net

Nancy B Colman on behalf of Creditor MDG Advertising, Inc
ncolman@baritzcolman.com, mizzo@baritzcolman.com

John D Emmanuel, Esq on behalf of Creditor Technology Investors, Inc.
emmanuel@fowlerwhite.com, sstorno@fowlerwhite.com

Joseph D Frank on behalf of Creditor Experian Information Solutions, Inc.
jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com;jkleinman@fgllp.com

Robert C Furr, Esq on behalf of Debtor TLO, LLC
bnasralla@furrcohen.com

Mariaelena Gayo-Guitian on behalf of Creditor Committee Creditor Committee
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;ktoland@gjb-law.com;chopkins@gjb-law.com

Robert N Gilbert, Esq. on behalf of Interested Party BRE/BOCA Corporate Center L.L.C.
rgilbert@carltonfields.com, kdemar@carltonfields.com;wpbecf@cfdom.net;jmclark@carltonfields.com

Alvin S. Goldstein, Esq on behalf of Debtor TLO, LLC
mmitchell@furrcohen.com

Anthony Kang, Esq. on behalf of Creditor Experian Information Solutions, Inc.
akang@arnstein.com

Philip J Landau on behalf of Creditor Tracers Information Specialists
plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com

Philip J Landau on behalf of Creditor Nancy Kilburn
plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com

Philip J Landau on behalf of Creditor Terry Kilburn
plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com

Corali Lopez-Castro, Esq on behalf of Creditor Equifax Information Services, LLC
clc@kttlaw.com, rcp@kttlaw.com

Todd C Meyers on behalf of Creditor Equifax Information Services, LLC
tmeyers@kilpatricktownsend.com,
rrahman@kilpatricktownsend.com;lcanty@kilpatricktownsend.com;mlangford@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com;prosenblatt@kilpatricktownsend.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Interested Party Data Acquisition Group, LLC
salazar@salazarjackson.com, jackson@salazarjackson.com;aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com

Sabrina L Streusand on behalf of Creditor Dell Financial Services, LLC
streusand@slollp.com, prentice@slollp.com

John R Thomas on behalf of Creditor Wells Fargo Bank, N.A.
jthomas@smithhulsey.com

Scott A. Underwood, Esq. on behalf of Creditor Technology Investors, Inc.
scott.underwood@fowlerwhite.com, denise.strand@fowlerwhite.com

Henry S Wulf, Esq on behalf of Interested Party BRE/BOCA Corporate Center L.L.C.
hwulf@carltonfields.com, kvickers@carltonfields.com

Linda J Zhou on behalf of Creditor Technology Investors, Inc.
linda.zhou@fowlerwhite.com, sstorno@fowlerwhite.com

11

James F Carroll
633 S Federal Hwy, 8 Fl
Ft Lauderdale, FL 33301

E Cole Fitzgerald III, Esq. on behalf of Creditor Greencook Management LLC
515 N Flagler Dr #900
West Palm Beach, FL 33401

E Cole Fitzgerald III, Esq. on behalf of Creditor William H Price
515 N Flagler Dr #900
West Palm Beach, FL 33401

Frank E. Jaumot
Ahearn Jasco & Company
190 SE 19th Avenue
Pompano Beach, FL 33060

Jeremy C Kleinman on behalf of Creditor Experian Information Solutions, Inc.
325 N LaSalle St #625
Chicago, IL 60654

Steven A Mayans on behalf of Creditor Greencook Management LLC
515 N Flagler Dr #900
West Palm Beach, FL 33401

Steven A Mayans on behalf of Creditor William H Price
515 N Flagler Dr #900
West Palm Beach, FL 33401

Paul M Rosenblatt, Esq on behalf of Creditor Equifax Information Services, LLC
1100 Peachtree St #2800
Atlanta, GA 30309

Ronald L. Rowland on behalf of Creditor Receivable Management Services
307 International Cir #270
Hunt Valley, MD 21030

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                     Chapter 11

TLO, LLC,                                                  Case No. 13-20853-PGH

      Debtor.
_____/

**DECLARATION OF THOMAS SANTORO IN SUPPORT OF THE APPLICATION
FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT OF GLASSRATNER
ADVISORY & CAPITAL GROUP, LLC, AS FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* TO JUNE 21, 2013**

**THOMAS SANTORO**, declares under penalty of perjury, and pursuant to 28 U.S.C.

§1746, as follows:

     1.     I am a principal of the financial advisory firm of GLASSRATNER Advisory &

Capital Group, LLC ("GLASSRATNER").  GLASSRATNER maintains offices at 1101 Brickell

Ave, Suite S-503, Miami, FL 33131.

     2.     I submit this Declaration in support of the Application (the "Application") of the

Official Committee of Unsecured Creditors (the "Committee") of TLO, LLC (the "Debtor")

Authorizing the Employment of GlassRatner as its Financial Advisor to the Committee and to

provide the disclosures required under Fed. Rule Bankr. P. 2014(a).

     3.     I have personal knowledge of the facts set forth herein unless otherwise indicated.

To the extent that any information disclosed herein requires amendment or modification, I will

submit a supplemental declaration to the Court.

## GLASSRATNER'S DISCLOSURE PROCEDURES

4.       In support of the Application, I disclose the following:

(a)       In preparing this Declaration, either I or someone under my supervision and direction reviewed the list of all creditors and equity security holders of the Debtor filed in this chapter 11 case to determine whether GLASSRATNER had any relationships with entities listed on the Debtor's list of 20 largest unsecured creditors, members of the Committee, the Debtor's officers, directors, board members and their respective affiliates, secured lenders, individuals employed by the office of the U.S. Trustee for Southern District of Florida and other parties in interest identified by the Debtor.   GLASSRATNER has compared the information obtained thereby with the information contained in its client and adverse party computerized conflicts check system.   I have also circulated an email to all of the professionals at GLASSRATNER requesting disclosure of any connections with the Debtor.   The facts stated in this Affidavit as to the relationship between GLASSRATNER and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GLASSRATNER's conflict check system and responses to my inquiries of the professionals at GLASSRATNER.   Based upon such efforts, GLASSRATNER does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of GLASSRATNER in respect of its representation of the Committee herein.

(b)       GLASSRATNER's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GLASSRATNER, and it is the regular practice of GLASSRATNER to make and maintain these records.   The system reflects

entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information.

(c)     A search of GLASSRATNER's conflicts check system and the responses from the professionals at GLASSRATNER confirmed that there is no connections with this case which in my view would impair my or GLASSRATNER's disinterestedness or constitute any conflict of interest.

5.     Based on the information known to date, GLASSRATNER neither holds nor represents any interest adverse to the Debtor and is a "disinterested" person within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.     Neither I nor GLASSRATNER has or will represent any other entity in connection with this case, or accept any fee from any other party or parties in this case, unless otherwise authorized by the Court.

## GLASSRATNER'S COMPENSATION

7.     The compensation arrangement provided for in the Engagement Letter, attached to the Application as Exhibit "B" is generally consistent with the typical arrangements entered into by GLASSRATNER and other financial advisor firms in connection with rendering similar services to clients such as the Committee.

8.     The hourly rates for personnel at GLASSRATNER are as follows:1

| Personnel | Rate |
|---|---|
| Thomas Santoro | $425 |
| William King | $350 |
| Other Professionals | $150-$295 |

---

1 GLASSRATNER reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

10.     GLASSRATNER intends to apply for compensation for professional services rendered in this Chapter 11 case and for reimbursement of actual and necessary expenses incurred in connection therewith, in accordance with the application and notice requirements of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014.

11.     The fees and expense reimbursement provisions described above are consistent with normal and customary billing practices for cases of this size and complexity which require the level of scope and services outlined. GLASSRATNER and the Committee also believe that the foregoing compensation arrangements are both reasonable and market-based.

12.     There is no agreement of any nature as to the sharing of any compensation to be paid to GLASSRATNER, except between the professionals of GLASSRATNER.  No promises have been received by GLASSRATNER, nor any professional or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13.     No professional at GLASSRATNER holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

14.     No professional at GLASSRATNER is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

15.     No professional at GLASSRATNER is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

16.     No professional at GLASSRATNER is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

17.     No professional at GLASSRATNER is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the

offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

18.     No professional at GLASSRATNER has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

19.     No professional at GLASSRATNER has any other interest, direct or indirect, that may be affected by the proposed representation.

20.     Except as set forth herein, no professional at GLASSRATNER has had or presently has any connection with the Debtor on any matters in which GLASSRATNER is to be engaged, except that I, GLASSRATNER and our professionals: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

21.     I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed this _26th_ day of June, 2013.

GlassRatner Advisory & Capital Group, LLC

By: Thomas Santoro
Title: Principal

5

**<u>EXHIBIT B</u>**



Date:       June 24, 2013

To:         The Official Committee of Unsecured Creditors of TLO, LLC
            c/o Paul J. Battista, Esq
            Genovese, Joblove & Battista
            100 S.E. 2nd Street, 44th Floor
            Miami, FL 33131

From:       Tom Santoro, Principal

**Subject:**    **Engagement as Financial Advisor to The Official Committee of Unsecured
            Creditors of TLO, LLC**

---

## Introduction

This agreement ("Agreement") confirms our understanding that The Official Committee of
Unsecured Creditors of TLO, LLC (the "Client" or the "Committee") is engaging GlassRatner
Advisory & Capital Group, LLC ("GlassRatner") to act as Financial Advisor to the Committee in
connection with the bankruptcy case of TLO, LLC (the "Debtor") and that our retention is subject
to Court approval.

## Purpose and Scope of Engagement

The Committee is retaining us to act as Financial Advisor relating to various items associated
with the Chapter 11 proceeding of the Debtor. In connection with this engagement, the
Committee has requested that we provide certain advisory services, as follows and as
applicable.

1.  Assist and advise the Committee with respect to the Debtor's proposed disposition of
    assets and/or the sale of business units;

2.  Assist in the review of financial information distributed by the Debtor to creditors and
    others, including, but not limited to, cash flow projections, budgets, cash receipts and
    disbursements, analyses of various asset and liability accounts, analysis of
    intercompany accounts and transactions and analyses of proposed transactions for
    which Court approval is sought;

3.  Assistance in the review of the Debtor's corporate ownership and capital structure as
    it impacts potential claims or various entities and creditor recoveries;

4.  Assist in evaluating the Debtor's proposed plan of reorganization, including among
    other things, evaluating plan feasibility and business valuation in the proposed plan;

5. Assist in the evaluation of the Debtor's operations and identifying restructuring opportunities to reduce costs and/or increase profitability;

6. Assist in the monitoring of the Debtor's operating results and cash flows;

7. Attend meetings and assist in discussions with and among the Debtor and its counsel and advisors, secured lenders, the Committee and other parties of interest and professionals retained, as required;

8. Coordination with the Debtor's financial advisors in the review of the Debtor's proposed plan of reorganization, operations and financial information as appropriate and necessary to benefit the Committee;

9. Assist in developing a possible proposed competing plan of reorganization;

10. Assist, evaluate and analyze avoidance actions, including fraudulent conveyances and preferential transfers, and in the review of potential claims levels and the Debtor's reconciliation and estimation process;

11. Litigation advisory services, including expert testimony, with respect to financial and accounting matters and case related issues as required by the Committee;

12. Oversee any sale process of the Debtor's assets, including coordinating activities with the Debtor's Investment Banker if one is retained.

13. Other services, as requested by the Committee.

Tom Santoro will lead the engagement and utilize other GlassRatner professionals as appropriate.

## **Confidentiality**

All communications between our firm and the Committee, Genovese Joblove & Battista and others designated by the Committee are intended to be privileged and confidential. We will treat this matter with the highest level of confidentiality and not disclose any communications without your express consent.

## **Fee Arrangement**

Our professional fees for the work performed on this matter will be based on the number of hours worked at our standard hourly billing rates.  We will not bill for any travel time.

Rates for professionals that will be involved in this matter are set forth below:

| | |
|---|---|
| Tom Santoro | $425 |
| William King | $350 |
| Other professional staff | $150-$295 |

In addition, GlassRatner will be reimbursed for its reasonable out-of-pocket costs incurred in connection with this engagement and GlassRatner will be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the approval and enforcement of this Agreement. We will provide detailed billing monthly or at other logical points during the engagement and consistent with Court approved procedures for compensation of professionals. Our fees are not contingent on the outcome of the matter.

## Conflicts

GlassRatner is not currently aware of any relationship that would create a conflict of interest with Committee Members or those parties in interest of which you have made us aware; however, we refer you to the disclosures made in the Affidavit of Tom Santoro in Support of Application of the Official Committee of Unsecured Creditors of TLO, LLC for Retention of GlassRatner Advisory & Capital Group, LLC as Financial Advisors. Because GlassRatner is a consulting firm that serves clients on a national basis in numerous cases, both in and out of court, it is possible that we may have rendered or will render services to or have business associations with other entities or people which had or have or may have relationships with Committee Members.

## Limitations and Indemnification

GlassRatner is not a public accounting firm.  Our procedures and consulting services will not constitute an audit in accordance with generally accepted auditing standards.  Accordingly, we will not be expressing an audit opinion on any of the financial or other data included in our analyses. In order to perform the services hereunder, it will be necessary for GlassRatner to have access to certain books, records and reports of the Debtors. To the extent that GlassRatner is not able to able to obtain access to such books, records and reports of the Debtor and not have cooperation from the Debtors' personnel, GlassRatner's ability to provide the services set forth herein will be limited. The Client agrees to indemnify and hold harmless GlassRatner (including any employees or affiliated persons) from and against all claims, liabilities, losses and damages arising out of our services upon the Client's behalf.  The Client agrees to reimburse GlassRatner for any legal or other expenses reasonably incurred by us in connection with the defense of such claims; provided, however, that they shall be excluded from such indemnification and reimbursement of any such loss, damage, liability, claim or expense which arises out of or is based upon, as determined by a court of competent jurisdiction, any action or failure to act by GlassRatner pursuant to this agreement which constitutes gross negligence in performance under this agreement on the part of GlassRatner.  Such indemnification shall survive the completion of the engagement.

## Dispute Resolution

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by the Bankruptcy Court. This Agreement shall be governed by the laws of the State of Florida. The Bankruptcy Court shall award to the prevailing party, if any, as determined by the Bankruptcy Court, all of its reasonable costs and fees.

## Conclusion

We look forward to working together on this challenging and important matter. All correspondence should be addressed to:

Tom Santoro, Principal
GlassRatner Advisory & Capital Group, LLC
1101 Brickell Avenue, Suite 503
Miami, FL  33131
Phone 954-612-4017  Fax 954-463-1353
E-mail: tsantoro@glassratner.com

If you agree with the terms of this agreement, please sign and return one copy to us.

The Official Committee of Unsecured Creditors of TLO, LLC,
By and through its Co-Chairpersons

Equifax Information Services, LLC
As Co-Chair of the Committee

_____          6 . 27. 13
James Griggs, Vice President-Finance       Date

Tracers Information Specialists, Inc
As Co-Chair of the Committee

_____          6-27-13
Terry Kilburn, Chief Operating Officer     Date