UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 13-20853-PGH
                                                Chapter 11

TLO, LLC,

        Debtor.
_____/

## OBJECTION TO THE FORM OF THE DIP LOAN DOCUMENTS

Pursuant to paragraph 4(a) of the Final Order Granting Debtor's Emergency Motion for Order Authorizing Post-Petition Financing [ECF No. 149] (the "Financing Order"), Wells Fargo Bank, N.A. ("Wells Fargo") objects to the form of the Super Priority Debtor in Possession Credit Agreement dated as of May 14, 2013 [ECF No. 145] (the "Credit Agreement") filed by Debtor TLO, LLC (the "Debtor"), and in support says:

1.      On July 12, 2013, this Court entered the Financing Order, which authorizes a post-petition loan to the Debtor (the "DIP Loan") from the Debtor's current co-Chief Executive Officers, Eliza Desiree Asher and Caroline Asher Yoost (collectively, the "Lenders"), and to execute and deliver the DIP Loan Documents, which evidence the DIP Loan. (Financing Order, ¶ 4(a).)

2.      The Financing Order provides, in pertinent part, that:

        a.      Wells Fargo holds a valid, perfected, and non-avoidable lien on the Debtor's Account Number ********5093 at Wells Fargo (the "TLO, LLC Collateral Account") (Financing Order at 7, n.1);

          b.      the Lenders "shall not be granted a post-petition security interest and lien on the TLO, LLC Collateral Account" (*id.* at ¶ 6(b)); and

          c.      the Superpriority Claim (as defined in the Financing Order) granted in favor of the Lenders "shall not have priority over the Debtor's continuing obligations to Wells Fargo in connection with: (i) any automated clearing house services provided by Wells Fargo to the Debtor; (ii) the Wells One Commercial Credit Card Agreement with a maximum limit of $200,000; or (iii) the agreements governing any of the Debtor's accounts at Wells Fargo, including, but not limited to, [the TLO, LLC Collateral Account] (collectively, the foregoing obligations of the Debtor to Wells Fargo are referred to as the 'Wells Fargo Obligations')" (*id.* at ¶ 5).

        3.      Contrary to the Financing Order, the Credit Agreement purport to grant a lien to the Lenders on the TLO, LLC Collateral Account:

> As security for all Obligations, the [Debtor] hereby collaterally assigns and grants to the Lenders a . . . Lien on . . . :
>
> > (xi)  all money, cash, cash equivalents, securities, and other property of any kind; [and]
> >
> > (xii) the Operating Accounts[1] and all other deposit accounts and all other credits and balances with and other claims against any financial institution . . . .

(Credit Agreement, § 6.1(a).)

        4.      Moreover, according to the Financing Agreement, the Debtor purports to grant a lien in favor of the Lenders on the TLO, LLC Collateral Account that would prime Wells Fargo's lien:

> The provisions of this Agreement and the other Loan Documents create Liens upon the Collateral in favor of Lenders, for the benefit of the

---

[1] "Operating Accounts" is defined as follows: "All cash of the Borrower shall be deposited in one or more accounts (the "Operating Accounts") subject to the priority set forth in the Financing Order . . . ." (Credit Agreement, § 4.1(a).)

Lenders, which shall be deemed valid and perfected by entry of the Financing Order with respect to the [Debtor] and *which shall constitute continuing Liens on the Collateral having priority over all other Liens on the Collateral*, securing all the Obligations.

(*Id.* at § 8.2(a) (emphasis added).)

5.      Furthermore, the Credit Agreement purports to allow the Debtor to use the funds in the Operating Accounts, including the funds in the TLO, LLC Collateral Account, "in a manner or for a purpose not prohibited by this Agreement." (*Id.* at 4.1(a).) Such use could potentially conflict with the contractual restrictions placed on the TLO, LLC Collateral Account.

6.      Based on the foregoing, Wells Fargo objects to the form of the Credit Agreement to the extent it: (i) allows the Debtor to grant a lien in favor of the Lenders on the TLO, LLC Collateral Account; (ii) provides that the Lenders' lien on the TLO, LLC Collateral Account primes Wells Fargo's valid, perfected, and non-avoidable lien on the TLO, LLC Collateral Account; (iii) gives the Superpriority Claim priority over the Wells Fargo Obligations; and (iv) allows the Debtor to use funds in the TLO, LLC Collateral Account in a manner inconsistent with the agreements with Wells Fargo that govern that account.

WHEREFORE, Wells Fargo requests that the Court enter an order (i) requiring the Debtor and the Lenders to modify the Credit Agreement to reflect that: (a) the Lenders shall not have a lien on the TLO, LLC Collateral Account; (b) the Lenders' Superpriority Claim shall not have priority over the Wells Fargo Obligations; and (c) the Debtor shall not be entitled to use the funds in the TLO, LLC Collateral Account in a

manner inconsistent with the agreements governing that account; and (ii) granting such

other relief as the Court deems just and proper.

SMITH HULSEY AND BUSEY

By___*John R. Thomas*_____
      Michael E. Demont
      John R. Thomas

Florida Bar Number: 364088
Florida Bar Number:  77107
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

mdemont@smithhulsey.com
jthomas@smithhulsey.com

Attorneys for Wells Fargo Bank, N.A.

00841271

4