UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

In re:  Chapter 11

TLO, LLC,  Case No. 13-20853-PGH

    Debtor.
_____/

**DEBTOR'S PRELIMINARY RESPONSE IN OPPOSITION
TO TRACERS INFORMATION SPECIALISTS, INC.'S MOTION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS**

Debtor, TLO, LLC ("Debtor"), by and through undersigned Special Counsel, files this Preliminary Response in Opposition to the *Motion for Allowance of Administrative Expense Claims (the "Administrative Expense Motion")* [ECF No. 376] filed by Tracer Information Specialists, Inc. ("Tracer"), as follows:

**I.    Relevant Background**

1.    This case was initiated by Debtor's filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 9, 2013 (the "Petition Date").

2.    On October 15, 2013, the Debtor filed its Bidding Procedures Motion[1]. This Court held a hearing on the Bidding Procedures Motion on October 22, 2013, and entered its Order Approving the Bidding Procedures Motion (as amended and modified, the "Bidding Procedures Order") [ECF No. 351] on October 24, 2013.

3.    Pursuant to the Bidding Procedures Order, the proposed Sale pursuant to the

---

[1]    The *Debtor's Motion For Entry Of Order: (i) Approving Procedures In Connection With The Sale Of Substantially All Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests, (ii) Authorizing The Payment Of Breakup Fee And Expense Reimbursement, (iii) Setting Bid Deadline, Auction And Sale Approval Hearing Dates, (iv) Establishing Notice Procedures And Approving Forms Of Notice, And (v) Approving Procedures Related To Assumption And Assignment Of Executory Contracts And Unexpired Leases* [ECF No. 291] (the "Bidding Procedures Motion").

1

Stalking Horse APA is subject to higher and better offers. An auction (the "Auction") may be held on November 20, 2013, if competing and Qualified Bids (as defined in the Bidding Procedures Order) are submitted in accordance with the Bidding Procedures Order. This Court has scheduled a hearing to consider the Sale (the "Sale Hearing") for November 22, 2013, at 9:30 a.m.

4. On October 31, 2013, the Debtor filed the Debtor's Plan of Liquidation [ECF No. 377] (the "Plan") and the Debtor's Disclosure Statement [ECF No. 378] (the "Disclosure Statement"). The Plan proposes to pay holders of allowed claims and interests from the proceeds derived from the sale of the Debtor's assets, the recoveries from litigation involving or related to the life insurance policy of the Debtor's founder, Hank Asher, and certain other litigation claims as described in the Plan.

5. On October 30, 2013 Tracers initiated Adversary Proceeding No. 13-01794 (the "Adversary Proceeding") by filing a *Complaint* against the Debtor, requesting that this Court determine that the Data (as that term is defined in the *Complaint*) being sold pursuant to the Stalking Horse APA is the property of Tracers and not property of the bankruptcy estate.

6. The following day, Tracers filed its *Motion for Allowance of Administrative Expense Claims (the "Administrative Expense Motion")* [ECF No. 376] in this case, asserting that Tracers is the "sole owner of the data" and references the filing of the *Complaint* in the Adversary Proceeding in support of its request that it be allowed an administrative expense claim pursuant to Bankruptcy Code Section 503(a)(1) in connection with the Debtor's post-petition use of the Data. *See Administrative Expense Motion*, at ¶¶ 15-16.

7. The Court set the trial in the Adversary Proceeding for November 21, 2013 at the hearings conducted in this case on November 5, 2013.

8. On November 6, 2013 Debtor filed its Objection to Claim No. 26 filed by Tracers

(the "*Claim Objection*") [ECF No. 414].

9. On November 7, 2013, the Debtor filed its *Motion to Consolidate the Administrative Expense Motion with Adversary Proceeding for Purpose of Discovery and Final Evidentiary Hearing and Trial (the "Motion to Consolidate")* [ECF No. 417].

**II.    Argument**

10. As set forth in the *Claim Objection*, Debtor maintains that Tracers is owed nothing for the Data, does not own the Data, and has been more than paid for the Data provided and therefore, Tracers is not entitled to any claim for the Debtor's use of the Data prior to the Petition Date. Accordingly, any excess payment received by Tracers should be set off against any alleged unpaid amount claimed to be due and owing in the *Administrative Expense* on account of the Debtor's use of the Data subsequent to the Petition Date.

11. More importantly, the true ownership of the Data is the major issue that needs to be decided at the trial in the Adversary Proceeding, which the Court will likely consolidate with the final evidentiary hearing on the *Administrative Expense*, for the reasons set forth in the *Motion to Consolidate*.

12. If after hearing all of the evidence that will be presented at trial, the Court finds that the Debtor is the owner of the data at issue in this case, Tracers shall not be entitled to an administrative expense claim in any amount.

13. Because discovery is ongoing, Debtor reserves its right to supplement and/or amend this response at a later date.

*-remainder of page intentionally left blank-*

Dated:  November 8, 2013.

                            **CONRAD & SCHERER, LLP**
                            *Special Counsel for TLO, LLC*
                            633 South Federal Highway, 8th Floor
                            Fort Lauderdale, FL 33301
                            Telephone:     (954) 847-3346
                            Facsimile:      (954) 463-9244

                            By:  /s/ Mark S. Roher
                                  JAMES F. CARROLL
                                  Florida Bar No. 984681
                                  jcarroll@conradscherer.com
                                  MARK S. ROHER
                                  Florida Bar No. 178098
                                  mroher@conradsherer.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 8, 2013 on all parties registered to receive CM/ECF electronic notifications from the Bankruptcy Court in this case and by scanned email upon **Phillip J. Landau, Esq.** [plandau@sfl-pa.com], **Bernice C. Lee, Esq.** [blee@sfl-pa.com]; **Matthew Foreman, Esq.** [matthew@hoganlawfirm.com]; **Robert C. Furr, Esq.** [rfurr@furrcohen.com] and **Alvin S. Goldstein, Esq.** [agoldstein@furrcohen.com].

                                            /s/ Mark S. Roher
                                            Mark S. Roher