

**ORDERED in the Southern District of Florida on April 30, 2014.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                                Case No. 13-20853-PGH
                                                                                              Chapter 11
TLFO, LLC,

       Debtor.
_____/

### ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF LIQUIDATION

A hearing was held on **April 29, 2014** at **1:00 p.m.** to consider the confirmation of the *Debtor's Amended Plan of Liquidation*, dated March 7, 2014 [ECF No. 781] (the "Plan")[1], filed by **TLO, LLC,**[2] under Chapter 11 of the Bankruptcy Code; and the *Limited Objection of Jules B. Kroll, Thomas Glocer, and Ole Poulsen to Confirmation of the Debtor's Amended Plan of Liquidation* [ECF No. 916], the *Joinder in Limited Objection to Confirmation of the Debtor's Amended Plan of Confirmation* (sic), filed by Gary Schultheis and Shawn Smith [ECF No. 930

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.
[2] Debtor's corporate identity upon the Petition Date was TLO, LLC. On April 14, 2014, the Bankruptcy Court entered an order authorizing the change of Debtor's corporate identity to TLFO, LLC [ECF No. 904]. The Plan was filed while Debtor was still TLO, LLC.

- 1 -

as replaced by ECF No. 955], and *Equity Interest Holders' Limited Objection to Debtor's Amended Plan of Liquidation (ECF No. 781)*, filed by Jay Bernstein, Gene Bernstein, Peter Ripp, Barbara Ripp, Brian Bachman, Hunter Creek, LLC and JHBTLO, LLC [ECF No. 934] (collectively the "Objections"). The Court has heard argument of counsel at the hearing and noted the agreement of the Parties; the proffered and admitted evidence, including the *Confirmation Affidavit of Eliza Desiree Asher* [ECF No. 987]; the *Certificate of Proponent of Plan on Acceptance of Plan, Report of Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees* [ECF No. 986]; *Memorandum of Law in Support of Confirmation of the Debtor's Amended Plan of Liquidation* [ECF No. 988]; and *Technology Investor's Inc.'s Response in Opposition to Certain Equity Interest Holders' Limited Objections to Confirmation of the Debtor's Amended Plan of Liquidation and Memorandum of Law in Support of Confirmation of Debtor's Amended Plan* [ECF No. 992]; and noting the modifications of the Plan as stated on the record that are incorporated in this Order and resolve certain of the Objections; and that the Plan has been transmitted to creditors and equity security holders. Based upon such record, the Court states as follows:

## Findings of Fact and Conclusions of Law

A. The following provisions are the Court's findings of fact and conclusions of law based upon the record presented to the Court as more fully contained in such record and fully incorporated herein; and

B. There was adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and confirmation of the Plan. The

Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all creditors, all equity security holders and all other parties in interest; and

    C.    The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference; and other several other applicable provisions of the Bankruptcy Code and Bankruptcy Rules; and

    D.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

    E.    The Plan is modified by this Order as follows:

    i.    All references in the Plan to "Liquidating TLO" shall be amended to read "Liquidating TLFO".

    ii.    The first sentence of Section 1.75 of the Plan is amended as follows:

> "the greater of (i) the interest rate provided in, under and in accordance with any contract between the Debtor and the Holder of an Allowed Unsecured Claim, or (ii) interest at an annual rate of three (3%) percent" is hereby stricken and replaced with "the federal judgment rate on the Petition Date".

    iii.    The second paragraphs of sections 4.5 and 4.6 of the Plan are amended to include the following language after "Confirmation Order":

> "or such other Final Order of the Bankruptcy Court or another court with competent jurisdiction."

    iv.    Section **5.1** is amended to add the following:

> Notwithstanding anything to the contrary set forth in the Plan, neither the Debtor nor the Plan Disbursing Agent nor Liquidating TLFO shall prosecute, on behalf of the current plaintiffs in each of the adversary proceedings identified in this paragraph, the pending objections to the claim of TI and the adversary proceedings captioned *Jay Bernstein, et al. v. Technology Investors, Inc., Adv. Pro. No. 14-01149-PGH* and *Thomas H. Glocer, et al. v. Technology Investors, Inc., Adv. Pro. No. 13-01943-PGH* (the "Adversary Proceedings"). Notwithstanding anything herein to the contrary, the Oversight Committee shall succeed to the rights and

        interests of the Committee in connection with intervention into the Adversary Proceedings, or the filing of a separate adversary proceeding against Technology Investors, Inc., in the event the holders of Allowed Unsecured Claims are not paid in full under the Plan.

    v.        Section **5.3** is amended to add the following sentence:

        Upon disallowance of a Disputed Claim or Equity Interest, any reserved funds may be distributed by the Plan Disbursing Agent at appropriate times pursuant to the terms of this Plan.

    vi.        Section **7.1** is amended to add the following sentence to the penultimate paragraph:

        Eliza Desiree Asher and Caroline Asher Yoost, in their capacities as Co-Chief Executive Officers, shall be compensated at the rate of $150 per hour, plus necessary expenses, and shall timely file appropriate fee applications consistent with sections 327 and 330 of the Bankruptcy Code and subject to objection by all parties in interest.

    vii.        Section **7.2** is amended to add the following:

        Liquidating TLFO and the Plan Disbursing Agent shall provide reasonable consultation and disclosure to all parties in interest, subject to attorney-client or other matters of confidentiality, regarding the status of all remaining issues affecting the recovery and or distribution of Liquidating TLFO's Assets.  If any party in interest believes it is not receiving adequate and timely information, that party may file a motion with the court.

    viii.        Section **7.4** is amended to add the following sentence to the penultimate paragraph:

        Applications seeking approval of Post-Confirmation Administrative Claims shall be subject to objection by parties in interest.

    ix.        Section **7.4** is amended to add the following sentence to the final paragraph:

        All employment by Liquidating TLFO or its management of staff and obtaining of equipment or premises shall be done by motion and subject to Bankruptcy Court approval after notice and a hearing.

    x.        Section **7.7** is amended to add the following sentence:

        Notwithstanding anything to the contrary set forth herein, the injunction provided for herein shall not enjoin any aspect of the adversary

proceedings captioned *Jay Bernstein, et al. v. Technology Investors, Inc., Adv. Pro. No. 14-01149-PGH* and *Thomas H. Glocer, et al. v. Technology Investors, Inc., Adv. Pro. No. 13-01943-PGH,* as well as any cross claims or counter claims that may now or hereafter be joined in either or both of such adversary proceedings, or any claims asserted by the Oversight Committee in connection therewith.

  xi.  Section **7.11** is amended to add the following sentence:

Notwithstanding anything to the contrary set forth herein, the injunction provided for herein shall not enjoin any aspect of the adversary proceedings captioned *Jay Bernstein, et al. v. Technology Investors, Inc., Adv. Pro. No. 14-01149-PGH* and *Thomas H. Glocer, et al. v. Technology Investors, Inc., Adv. Pro. No. 13-01943-PGH,* as well as any cross claims or counter claims that may now or hereafter be joined in either or both of such adversary proceedings, or any claims asserted by the Oversight Committee in connection therewith.

  F.  The Plan classifies and places each Claim against and Interest in the Debtor together with other Claims against or Interests in the Debtor, as applicable, that are substantially similar to such Claims or Interests, and, accordingly, satisfies section 1122(a) of the Bankruptcy Code.

  G.  The Plan has been accepted in writing by the creditors in Classes 1, 2, and 3 and Equity Interest Holders within Class 5; and

  H.  No votes were cast in Class 4; and

  I.  The Plan has been rejected by Class 6 with 62% of the Equity Interest Holders voting on the Plan in Class 6 voted to accept the Plan, while 38% of the Equity Interest Holders voting on the Plan in Class 6 voted to reject the Plan; and

  J.  The Ballot Tabulation accurately sets forth the tabulation of votes; and

  K.  The Plan (i) adequately and properly classifies all Claims and Interests required to be classified; (ii) specifies the classes of Claims or Interests that are Impaired or Unimpaired under the Plan; (iii) provides the same treatment for each Claim or Interest in each Class unless

the Holder of such a Claim or Interest agrees to less favorable treatment; (iv) sets forth the means by which the Plan will be implemented; (v) makes adequate means for its implementation; (vi) contemplates cancellation of all Interests in the Debtor; and (vii) does not provide for the issuance of nonvoting equity securities.  The Plan therefore satisfies section 1123(a) of the Bankruptcy Code; and

      L.      That the provisions of Chapter 11 of the Code have been complied with and that the Plan has been proposed in good faith and not by any means forbidden by law; and

      M.      With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were to liquidate under Chapter 7 of the Bankruptcy Code on such date.  The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that are impaired under the Plan, and has not accepted the Plan; and

      N.      At least one class of creditors or equity interests that are impaired pursuant to the Plan have voted to accept the Plan without including any acceptance of the Plan by any insider; and

      O.      All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan, or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

P.      The identity, qualifications, and affiliations of persons issuing securities or acquiring property under the Plan, or by any other who are to be directors or officers, or voting trustees, if any, of the debtor after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interest of the creditors and equity security holders and with public policy; and

Q.      The identity, qualifications, and affiliations of persons who are to be directors or officers, or voting trustees, if any, of the Debtor after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interest of the creditors and equity security holders and with public policy; and

R.      The identity of any insider that will be employed or retained by the Debtor and compensation to such insider has been fully disclosed; and

S.      The Plan provides for the payment of administrative claims in satisfaction of section 1129(a)(9); and

T.      The Debtor has sufficient funds to make the payments required upon the Effective Date; and

U.      The confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or further reorganization is proposed in the Plan; and

V.      All of the requirements for confirmation of Debtor's Plan have been satisfied.

IT IS THEREFORE ORDERED THAT:

1.      The Plan, as modified herein, is confirmed.

2. The Objections are overruled to the extent the Objections are not resolved pursuant to this Order.

3. The foregoing findings of fact and conclusions of law shall be deemed to be findings of fact or conclusions of law as appropriate and as fully as possible. Provisions of this Order may be considered both findings of fact and conclusions of law as appropriate. To the extent a finding of fact is later determined to be a conclusion of law, it shall be so deemed and to the extent a conclusion of law is later determined to be a finding of fact, in shall also be so deemed.

4. The Court shall retain jurisdiction as provided in the Plan.

5. The Effective Date shall occur no earlier than fifteen (15) days after the entry of this Order.

6. The Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order for pre-confirmation periods, and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the reorganized Debtor until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the

payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

7. Upon the Effective Date, the Liquidating TLFO Assets shall vest in, and be transferred to Liquidating TLFO and the Plan Disbursing Agent shall be appointed as and be deemed a representative of the Estate pursuant to and in accordance with the terms of the Plan and Section 1123(b)(3)(B) of the Bankruptcy Code. ROBERT C. FURR, ESQUIRE of FURR AND COHEN, P.A., is named as Plan Disbursing Agent, and shall act in a fiduciary capacity for Liquidating TLFO, the estate and its constituents under the Plan and shall have only those rights, powers and duties conferred to him by the Plan, as well as the rights and powers of a trustee under Sections 542 through 552 of the Bankruptcy Code and the duties of a trustee under Sections 704(a)(1), (2), (7) and (9) of the Bankruptcy Code. The Plan Disbursing Agent shall maintain a Collected Cash Account for Liquidating TLFO in accordance with the terms of the Plan. Confirmation of the Plan shall constitute and confirm the appointment of the Plan Disbursing Agent for Liquidating TLFO, and grant the Plan Disbursing Agent and Liquidating TLFO the power to exercise the rights, power and authorities under the applicable provisions of the Plan. In addition, the Plan Disbursing Agent and Liquidating TLFO shall be authorized to retain Post-Confirmation Professionals in the exercise of their business judgment to represent the Plan Disbursing Agent and Liquidating TLFO in performing and implementing the Plan and the Plan Disbursing Agent's duties under the Plan, including to pursue Litigation Claims and in respect of any issue, proceeding, claim or cause of action, provided however, that the Plan Disbursing Agent shall not retain any professionals without first obtaining Bankruptcy Court approval after notice and a hearing. The Plan Disbursing Agent shall file quarterly operating reports with the Bankruptcy Court that provide a full accounting of all receipts, disbursements,

and other inflows and outflows of funds into Liquidating TLFO and the Collected Cash Accounts. The Plan Disbursing Agent shall post a bond in favor of Liquidating TLFO in an amount of the net Sale proceeds. The cost of the bond is payable from the Liquidating TLFO Assets. Liquidating TLFO may seek to replace the Plan Disbursing Agent and the Plan Disbursing Agent may resign at any time, after the filing of an applicable motion with the Bankruptcy Court in connection therewith and request a successor or replacement Plan Disbursing Agent. The Plan Disbursing Agent shall be compensated on an hourly basis for his services at his customary hourly rate and will be reimbursed for his reasonable costs. Such compensation shall constitute a Post-Confirmation Administrative Claim and shall be paid from Cash, subject to the oversight of Liquidating TLFO. Absent objection from Liquidating TLFO to the Post-Confirmation Administrative Claims, the Plan Disbursing Agent and the Post-Confirmation Professionals shall be paid 90% of their fees and 100% of their costs on a monthly basis, but shall file fee applications no less frequently than every 120 days seeking approval of fees and expenses to be awarded by the Bankruptcy Court, including approval of the amounts paid on a monthly basis.

8. The Plan Disbursing Agent is directed to make all first installment payments on the Effective Date of the Plan. The Plan Disbursing Agent shall, when appropriate, file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form. Failure to timely file the Final Report of Estate and Motion for Final Decree Closing Case may result in the imposition of sanctions against the Liquidating TLFO's counsel, which may include the return of attorney's fees.

9. Liquidating TLFO shall indemnify and hold the Plan Disbursing Agent and the members of the Oversight Committee, and the Post-Confirmation Professionals, harmless from

and against any damages, costs, claims and other liabilities incurred in connection with his respective duties and responsibilities, other than those damages, costs, claims and other liabilities that result from his respective gross negligence, self-dealing, breach of fiduciary duty or willful misconduct.

10. **EXCULPATION**.  **THE DEBTOR AND ITS RESPECTIVE OFFICERS, MEMBERS AND MANAGERS, THE COMMITTEE AND ITS MEMBERS, THE PROFESSIONALS FOR THE DEBTOR AND THE COMMITTEE (ACTING IN SUCH CAPACITY) (COLLECTIVELY, THE "EXCULPATED PARTIES") SHALL NEITHER HAVE NOR INCUR ANY LIABILITY WHATSOEVER TO ANY PERSON OR ENTITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN IN GOOD FAITH IN CONNECTION WITH OR RELATED TO THE FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, THE DISCLOSURE STATEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO, OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN, IN CONNECTION WITH THE PLAN OR THE CHAPTER 11 CASE, IN EACH CASE FOR THE PERIOD ON AND AFTER THE PETITION DATE AND UP TO AND INCLUDING THE EFFECTIVE DATE; PROVIDED, HOWEVER, THAT THIS EXCULPATION FROM LIABILITY PROVISION SHALL NOT BE APPLICABLE TO ANY LIABILITY FOUND BY A COURT OF COMPETENT JURISDICTION TO HAVE RESULTED FROM FRAUD OR THE WILLFUL MISCONDUCT OR GROSS NEGLIGENCE OF ANY SUCH PARTY.  WITH RESPECT TO PROFESSIONALS, THE FOREGOING RELEASE PROVISION SHALL ALSO INCLUDE CLAIMS OF**

PROFESSIONAL NEGLIGENCE ARISING FROM THE SERVICES PROVIDED BY SUCH PROFESSIONALS DURING THE CHAPTER 11 CASE. ANY SUCH CLAIMS SHALL BE GOVERNED BY THE STANDARD OF CARE OTHERWISE APPLICABLE TO THE STANDARD OF NEGLIGENCE CLAIMS OUTSIDE OF BANKRUPTCY. THIS CONFIRMATION ORDER SHALL ENJOIN THE PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY SUCH CLAIM, OBLIGATION, SUIT, JUDGMENT, DAMAGE, LOSS, RIGHT, REMEDY, CAUSE OF ACTION, CHARGE, COST, DEBT, INDEBTEDNESS, OR LIABILITY WHICH AROSE OR ACCRUED DURING SUCH PERIOD OR WAS OR COULD HAVE BEEN ASSERTED AGAINST ANY OF THE EXCULPATED PARTIES, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER. EACH OF THE EXCULPATED PARTIES SHALL HAVE THE RIGHT TO INDEPENDENTLY SEEK ENFORCEMENT OF THIS PROVISION. ALL SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES HEREUNDER AND UNDER THE BANKRUPTCY CODE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION AND LIMITATION OF LIABILITY PROVIDED FOR HEREIN SHALL NOT APPLY TO ANY ACTS OR OMISSIONS THAT OCCURRED PRIOR TO THE PETITION DATE. THE RIGHTS GRANTED UNDER THIS SECTION ARE CUMULATIVE WITH (AND NOT RESTRICTIVE OF) ANY AND ALL RIGHTS, REMEDIES, AND BENEFITS THAT THE EXCULPATED PARTIES HAVE OR OBTAIN PURSUANT TO ANY PROVISION OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW. THIS

**EXCULPATION FROM LIABILITY PROVISION IS AN INTEGRAL PART OF THE PLAN AND IS ESSENTIAL TO ITS IMPLEMENTATION. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, THE PROVISIONS OF THIS SECTION SHALL NOT RELEASE ANY OF THE LITIGATION CLAIMS.**

11. **GENERAL INJUNCTION. PURSUANT TO SECTIONS 105, 1123, 1129 AND 1141 OF THE BANKRUPTCY CODE, IN ORDER TO PRESERVE AND IMPLEMENT THE VARIOUS TRANSACTIONS CONTEMPLATED BY AND PROVIDED FOR IN THE PLAN, AS OF THE EFFECTIVE DATE, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR IN THIS CONFIRMATION ORDER, ALL PERSONS THAT HAVE HELD, CURRENTLY HOLD OR MAY HOLD A CLAIM OR EQUITY INTEREST THAT IS DISCHARGED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN ARE AND SHALL BE PERMANENTLY ENJOINED AND FOREVER BARRED TO THE FULLEST EXTENT PERMITTED BY LAW FROM TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF ANY SUCH DISCHARGED OR TERMINATED CLAIMS OR EQUITY INTERESTS, OTHER THAN ACTIONS BROUGHT TO ENFORCE ANY RIGHTS OR OBLIGATIONS UNDER THE PLAN: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING AGAINST THE DEBTOR OR LIQUIDATING TLFO OR THEIR RESPECTIVE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE DEBTOR, OR LIQUIDATING TLFO, OR THEIR RESPECTIVE ASSETS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE AGAINST THE DEBTOR, OR LIQUIDATING TLFO,**

OR THEIR RESPECTIVE ASSETS; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO THE DEBTOR OR LIQUIDATING TLFO; (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN OR THE CONFIRMATION ORDER; OR (F) INTERFERING WITH OR IN ANY MANNER WHATSOEVER DISTURBING THE RIGHTS AND REMEDIES OF THE DEBTOR OR LIQUIDATING TLFO UNDER THE PLAN AND THE OTHER DOCUMENTS EXECUTED IN CONNECTION THEREWITH.  THE DEBTOR AND LIQUIDATING TLFO SHALL HAVE THE RIGHT TO INDEPENDENTLY SEEK ENFORCEMENT OF THIS GENERAL INJUNCTION PROVISION.  THIS GENERAL INJUNCTION PROVISION IS AN INTEGRAL PART OF THE PLAN AND IS ESSENTIAL TO ITS IMPLEMENTATION. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, THE PROVISIONS OF THIS SECTION SHALL NOT RELEASE ANY OF THE LITIGATION CLAIMS. NOTWITHSTANDING ANYTHING TO THE CONTRARY SET FORTH HEREIN, THE INJUNCTION PROVIDED FOR IN THIS PARAGRAPH 8 AND THE EXCULPATION PROVIDED FOR IN PARAGRAPH 7 HEREIN SHALL NOT ENJOIN ANY ASPECT OF THE ADVERSARY PROCEEDINGS CAPTIONED JAY BERNSTEIN, ET AL. V. TECHNOLOGY INVESTORS, INC., ADV. PRO. NO. 14-01149-PGH AND THOMAS H. GLOCER, ET AL. V. TECHNOLOGY INVESTORS, INC., ADV. PRO. NO. 13-01943-PGH.

12. Notwithstanding anything to the contrary contained in this Order or the Plan and any associated schedules, agreements or other documents (or any other order entered by the Bankruptcy Court in the Chapter 11 Case), nothing contained herein or therein shall modify, amend, supersede, alter or derogate in any manner whatsoever the provisions of the Sale Approval Order or the Stalking Horse APA (as defined in the Sale Approval Order), and, notwithstanding anything to the contrary contained herein or therein, the Sale Approval Order and the Stalking Horse APA shall remain in full force and effect according to the terms contained in the Sale Approval Order and the Stalking Horse APA, and, to the fullest extent permitted by applicable law, the Bankruptcy Court shall retain exclusive jurisdiction of all matters arising out of, arising in or related to the Sale Approval Order and the Stalking Horse APA.

13. Except as explicitly provided in this Order or the Plan, nothing contained herein or in the Plan shall or is intended to alter, amend or in any manner change the existing corporate documents, including any operating agreements of the Debtor, which shall remain in full force and effect.

14. Except as explicitly provided in this Order or the Plan, nothing contained herein or in the Plan shall or is intended to alter, amend or in any manner change any agreements with, by, or among holders of Equity Interests.

15. The Court will conduct a post-confirmation status conference on **December 16, 2014 at 9:30 a.m.**, at the United States Bankruptcy Court, 1515 North Flagler Drive, Room 801, Courtroom A, West Palm Beach, Florida  33401 to determine (i) whether the Debtor has complied with the provisions of this Order, and (ii) whether the Plan Disbursing Agent and the

plan proponent have timely filed the required Final Report of Estate and Motion for Final Decree Closing Case.

16. Within five (5) business days after the Effective Date, the Debtor or the Plan Disbursing Agent shall file a notice (the "Effective Date Notice") with the Bankruptcy Court designating the Effective Date.

17. For purposes of any future analysis regarding, inter alia, appellate issues, modification of the Plan, administration of the Plan and jurisdiction of the Bankruptcy Court, the Plan shall be deemed substantially consummated upon the completion of the initial Distribution required under the Plan.

18. The Confirmation Order shall constitute an Order of the Bankruptcy Court approving the rejection, as of the Effective Date, of Executory Contracts, to the extent provided for in the Plan. Any Claim for damages arising from any such rejection, which Claim is not otherwise already resolved in the Sale Approval Order or through a settlement between the Debtor and other party to the Executory Contract, must be filed by the earlier of (i) the date set forth in the Sale Approval Order, Confirmation Order, or other Final Order of the Bankruptcy Court, or (ii) within 30 days after the mailing of notice of the entry of the Confirmation Order or such Claim shall be forever barred, shall not be enforceable against the Debtor, the Debtor's Estate, the Plan Disbursing Agent, the Liquidating TLFO Assets or any of the Assets of the Debtor's Estate, and shall receive no Distribution under this Plan or otherwise on account of such Claim. All Claims arising from the rejection of an Executory Contract shall be treated in Class 3.

19. Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax, or similar tax.

20. The modifications of the Plan contained in this Order do not modify the Plan such that the Plan no longer complies with sections 1122 and 1123 of the Bankruptcy Code. The Modifications do not materially or adversely alter the rights of any party in interest and, therefore, do not require additional balloting concerning acceptance or rejection of the Plan as modified.

21. Distributions shall only be made by the Plan Disbursing Agent consistent with the Plan, in the manner set forth in the Plan, and after obtaining approval from the Bankruptcy Court after notice and a hearing.

22. Notwithstanding anything to the contrary set forth herein or in the Plan, Liquidating TLFO shall be dissolved after the final Distribution provided for in the Plan has been made, at which point, and not prior, all Interests in the Debtor shall be extinguished and cancelled.

23. On the Effective Date, the Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities, and obligations related to and arising from and in connection with this chapter 11 case and the retention or employment of the Committee's attorneys, financial advisors and other agents shall terminate.

24. On the Effective Date, the Oversight Committee shall be formed. The Oversight Committee shall consist of the members of the Committee; provided, however, that no such member shall be the subject of existing or known potential Litigation Claims. The Oversight Committee shall be entitled to engage counsel to represent its interests, the fees and expenses of which will be paid by the Plan Disbursing Agent as Post Confirmation Administrative Claims. The Plan Disbursing Agent shall periodically report to the Oversight Committee the progress

being made by the Plan Disbursing Agent in respect of Liquidating TLFO's and the Plan Disbursing Agent's powers and duties set forth herein.  The Oversight Committee shall be deemed a party in interest with standing to be heard on any matter involving the Liquidating TLFO Assets.  The Oversight Committee and its members shall be fiduciaries of, and shall have fiduciary duties to the holders of Allowed Claims.  The Oversight Committee shall be terminated, cease to exist, and the remaining members thereof, together with the Professionals for the Oversight Committee, shall be discharged and shall have no further responsibilities under the Plan or otherwise in respect of this Chapter 11 Case upon the payment in full of all Allowed Unsecured Claims in accordance with the Plan.  The members of the Oversight Committee shall serve without compensation.  The powers and duties of the Oversight Committee shall be limited to those specifically set forth in the Plan.

25.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, this Chapter 11 Case, this Order, and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the subject matters set forth in Article XI of the Plan.  Among other things, whether enumerated in the Plan or this Order, the Court retains jurisdiction for at least the following:

(a) Enter orders approving the distributions by the Plan Disbursing Agent; and

(b) Ensure that distributions to Holders of Allowed Claims and Interests are accomplished pursuant to the provisions of the Plan; and

(c) Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending in this Chapter 11 Case on the Effective Date; and

(d) Hear and determine matters concerning state, local or federal taxes in accordance with sections 346, 505 or 1146 of the Bankruptcy Code; and

(e) Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and the Confirmation Order; and

(f) Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or this Order; and

(g) Permit Liquidating TLFO, to the extent authorized pursuant to section 1127 of the Bankruptcy Code, to modify the Plan or any agreement or document created in connection with the Plan, or remedy any defect or omission or reconcile any inconsistency in the Plan or any agreement or document created in connection with the Plan; and

(h) Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to enforce or implement the Plan or this Order; and

(i) Enter and enforce such orders as are necessary or appropriate if this Order is for any reason modified, stayed, reversed, revoked or vacated, or distributions pursuant to the Plan are enjoined or stayed; and

(j) Determine any other matters that may arise in connection with or relating to the Plan or this Order; and

(k) Enter a final decree closing this Chapter 11 Case; and

(q) Enforce the terms and conditions of the Sale Approval Order and the Stalking Horse APA in all respects and to decide any disputes concerning the Sale Order and the Stalking Horse APA, or the rights and duties of the parties thereunder.

26. On and after the Effective Date, the provisions of the Plan shall bind any Holder of a Claim against or Interest in the Debtor, and its successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder has accepted the Plan.

# # #

**Submitted By:**

Alvin S. Goldstein, Esquire
Furr and Cohen, P.A.
Attorneys for Debtor
2255 Glades Road #337W
Boca Raton, FL 33431
(561)395-0500/(561)338-7432 fax
E-mail: agoldstein@furrcohen.com
Florida Bar No. 993621

Attorney Alvin S. Goldstein is directed to serve a copy of this Order on the parties and counsel entitled to Notice pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and to file a certificate of service.

C:\NRPortbl\ACTIVE\SUNDERWOOD\46464944_1.DOCX-bjn