

**ORDERED in the Southern District of Florida on May 14, 2014.**

*Paul G. Hyman, Chief Judge*
*United States Bankruptcy Court*

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              CASE NO.: 13-30853-BKC-PGH

TLFO, LLC,                                          CHAPTER 11

    Debtor.
_____/

**ORDER DENYING MOTION TO COMPROMISE CONTROVERSY AND APPROVE SETTLEMENT WITH TRIAX DATA, INC., (ECF NO. 864) FOR FAILURE TO PROVIDE REQUIRED NOTICE**

      **THIS MATTER** came before the Court on the Motion to Compromise Controversy and Approve Settlement with Triax Data, Inc., (ECF No. 864) (the "Motion") filed by Debtor, TLFO, LLC, (the "Movant"). Pursuant to Local Rule 9013-1(D), the Movant filed the Motion on negative notice. Pursuant to Local Rule 2002-1(A)(1), the Movant was required to serve notice of the Motion on all parties to

whom notice of the proposed action is mandated by the Bankruptcy Rules or by the Local rules and <u>on all directly affected parties</u>. Upon service, the Movant was then required, pursuant to Local Rules 2002-1(F) and 9013-3, to file a certificate of service with the Court within two business days after service.

Here, all creditors had a right to object to the relief requested in the Motion. Accordingly, the Movant was required to serve the Motion on all creditors and to file a certificate of service reflecting that service was made on all creditors. Although the Movant filed a *Certificate of Service* (ECF No. 898) indicating that he served the Motion, the Movant failed to attach the Court's official mailing matrix to the Certificate of Service. According to the Local Rules and the Court's practices and procedures,[1] in order for a certificate of service to adequately reflect that it was served on all creditors, the Court's official mailing matrix must be attached to the certificate of service and must indicate that all creditors on the matrix were served.

For the reasons just discussed, the Court hereby **ORDERS AND ADJUDGES** that:

1. The Motion is **DENIED WITHOUT PREJUDICE**.

2. If counsel who filed the Motion files a new motion requesting the same or substantially similar relief, counsel shall not charge for any fees or

---

[1] Judge Hyman's practices and procedures, particularly regarding certificates of service, can be found on the Court's website at http://www.flsb.uscourts.gov/frames/pgh.pl#CS .

       expenses in connection with the preparation or filing of such substitute motion including, without limitation, any filing fee.

3. The counsel who filed the Motion is hereby required either to undertake the representation of a party on a *pro bono* basis or to pay $250.00 for failure to comply with the Court's Local Rules, which would be payable to either the Clerk of the Bankruptcy Court or the Bankruptcy Bar Foundation, c/o Bankruptcy Bar Association, 7154 N University Drive, Suite 299, Tamarac, FL  33321,

4. The counsel who filed the Motion shall file a notice with the Court indicating counsel's choice no later than seven days after the date of this Order.

5. If the counsel who filed the Motion chooses the option of paying $250.00, the counsel shall file proof of payment along with the aforementioned notice.

###

Copies Furnished To:

Jason S. Rigoli, Esq.

AUST

Jason S. Rigoli, Esq. is hereby directed to serve a copy of this Order on all interested parties and file a Certificate of Service thereof in accordance with Local Rules 2002-1(F), 5005-1(G)(2), and 9021-1(A).