UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                        Case No.:  13-20853-PGH

TLFO, LLC,                                    Chapter 11

   Debtor.

_____/

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS AGAINST
AND BY TECHNOLOGY INVESTORS, INC.**

**\*\*\*\*\*IMPORTANT\*\*\*\*\***

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A
WRITTEN RESPONSE TO THIS MOTION WITHIN 21 DAYS AFTER
THE DATE OF SERVICE STATED IN THIS MOTION SHALL,
PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE
CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM
ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY
THEN BE CANCELED.**

Technology Investors, Inc., by and through undersigned counsel and pursuant to 11

U.S.C. §105(a), Federal Rule of Bankruptcy Procedure 9019 and 2002(a)(3) and Local Rules

9013-1(D)(3)(b) and 9019-1, hereby moves the Court for the entry of an Order (a "Settlement

Order") approving the compromise of all claims and counterclaims asserted in *Thomas H.

Glocer,* et al *v. Technology Investors, Inc.* (Adv. Pro. 13-01943-PGH) (the "Glocer Adversary")

and *Jay Bernstein,* et al *v. Technology Investors, Inc.* (Adv. Pro. 14-01149-PGH) (the "Bernstein

Adversary") (together, the "Adversary Proceedings") and in support states as follows:

## General Background

1.      The Debtor, TLO, LLC[1] (the "Debtor") filed its voluntary petition under Chapter 11 of the Bankruptcy Code on May 9, 2013.

2.      On September 3, 2013, Technology Investors, Inc. ("Tech Inc.") filed its proof of claim in this matter (the "Main Bankruptcy Case") asserting its $89.1 million first priority secured claim (Claim #35, the "Tech Inc. Claim").[2]

3.      On October 9, 2013, Thomas H. Glocer ("Glocer") and Jules B. Kroll ("Kroll") filed their *Objection to Proofs of Claims Numbers 35 and 36 Filed by Technology Investors, Inc.* [ECF No. 278] (the "Objection").

4.      On December 10, 2013, this Court entered its *Order Granting Motion to Set Bar Date to Contest the Validity, Priority or Enforceability of the Technology Investors, Inc. Liens (Doc No. 206) and Motion for Entry of an Order Establishing Deadlines (Doc. No. 569)* [ECF #598] (the "Scheduling Order"). In the Scheduling Order, the Objection was stricken without prejudice to file adversary proceedings to challenge the Tech Inc. Claim.

5.      On December 20, 2013, Glocer and Kroll filed an adversary complaint seeking recharacterization of the debt that was the subject of the Tech Inc. Claim [ECF No. 1 in the Glocer Adversary].  On January 31, 2014, the adversary complaint was amended [ECF No. 16 in the Glocer Adversary].  On March 5, 2014, the Court entered its *Order Granting Motions for Interventions and Joinders*, permitting Ole Poulsen, Gary Schultheis, Shawn Smith, and

---

[1] On April 14, 2014, this Court entered an order authorizing the change of the Debtor's corporate identity to TLFO, LLC [ECF No. 904].

[2] Tech Inc. also reserved its rights to interest, fees and costs, as well as filed an unsecured deficiency claim for $89.1 million (Claim #36).  The Court, granting Tech Inc.'s motion to dismiss in part, determined that there was no basis to object to Tech Inc.'s Claim # 36 as duplicative of Claim # 35.  *See Order (I) Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 9) and (II) Giving Defendant Seven (7) Days to Answer*  [ECF No. 28 in the Bernstein Adversary]; *Order (I) Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 32) and (II) Giving Defendant Seven (7) Days to Answer*  [ECF No. 57 in the Glocer Adversary].

BJ4M&M to join as plaintiffs in the Glocer Adversary for all purposes [ECF No. 37 in the Glocer Adversary].

6.    On January 31, 2014, Jay Bernstein, Gene Bernstein, Peter Ripp, Barbara Ripp, Brian Bachman, Hunter Creek, LLC, and JHBTLO, LLC commenced a separate adversary proceeding, also seeking recharacterization of the Tech Inc. Claim  [ECF No. 1 in the Bernstein Adversary].  On March 25, 2014, the Court entered an *Order Granting BJ4M&M's Motion to Intervene*, permitting BJ4M&M, LLC to join as a plaintiff in the Bernstein Adversary proceeding for all purposes [ECF No. 25 in the Bernstein Adversary].

7.    On May 5, 2014, Tech Inc. filed a Counterclaim in each of the Adversary Proceedings.  [ECF No. 51 in the Bernstein Adversary; ECF No. 79 in the Glocer Adversary]

8.    On April 29, 2014, the Court granted the *ore tenus* request by counsel for plaintiffs in the Bernstein Adversary to direct parties to a judicial settlement conference.  On May 8, 2014, this Court ordered all parties to the Adversary Proceedings (each, a "Party" and together, the "Parties") to participate in a judicial settlement conference.  *See Order Directing Parties to Judicial Settlement Conference; and Resetting Pretrial Conference and Related Pretrial Deadlines* [ECF No. 52 in the Bernstein Adversary; ECF No. 81 in the Glocer Adversary].  The Order Setting Forth Judicial Conference Requirements filed in each of the Adversary Proceedings also required the attendance of non-litigant interested parties, including the Debtor, Eliza Desiree Asher, Caroline Asher Yoost, and the creditor's committee [ECF No. 56 in the Bernstein Adversary; ECF No. 84 in the Glocer Adversary].

9.    On June 23, 2014, the Parties and the non-litigant interested parties attended a judicial settlement conference before the Hon. Robert A. Mark (the "Settlement Conference").

10.    At the Settlement Conference, the Parties resolved the foregoing issues (the "Settlement") and now seek approval of the Settlement as set forth in the agreement (the "Settlement Agreement") attached hereto as **Exhibit 1** and summarized as follows:  In exchange for the voluntary dismissal with prejudice of all claims against Tech Inc., subject to certain express reservations set forth in the Settlement Agreement, Tech Inc. has agreed to reduce the Tech Inc. Claim to $66.5 million (the "Reduced Claim"), inclusive of any claim for interest, costs, and attorneys' fees.  To the extent funds are available for distribution after the Reduced Claim is paid in full and all other allowed claims of the estate are paid in full or reserved for as set forth in the Settlement Agreement, each of the persons listed as Exhibit A to the Settlement Agreement (the "Liquidation Distribution") shall receive a pro rata distribution in accordance with the Liquidation Distribution.  To the extent the aggregate distribution from the bankruptcy estate to Thomas Glocer, Jules Kroll, Gary Schultheis, and Shawn Smith (the "Profit Interest Group") is less than $400,000.00 (the "Minimum Distribution"), then Tech Inc. will pay such amount to cover the difference between the aggregate distribution received and the Minimum Distribution up to and including $400,000.00.  Additionally, Tech Inc. has agreed to voluntarily dismiss with prejudice all its claims against the other Parties, subject to certain express reservations set forth in the Settlement Agreement.  Settlement is conditioned upon approval by this Court and by the court in *In re the Estate of Henry E. Asher*, Case No. 502013CP000440XXXXSB pending in the Probate Division of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Probate Case").  An interim distribution will be sought by the Plan Disbursing Agent no later than fourteen (14) days from the later of the order by the bankruptcy court approving the Settlement Agreement becoming a final, non-appealable order or a final order approving the Settlement Agreement in the Probate Case.

11.     Upon (a) the Settlement Order becoming a final, non-appealable order; (b) court approval in the Probate Case; and (c) receipt by each respective Party of its share of proceeds as set forth in the Settlement Agreement, each Party has agreed to file a Stipulation of Dismissal with prejudice of claims asserted in the Adversary Proceedings.  As the movant, Tech Inc. will ensure that, at the appropriate time, proposed orders or judgments for entry in each of the Adversary Proceedings resolving such proceedings shall include a direction to the clerk to close the proceeding, in accordance with Local Rule 9019-1.

## Relief Requested

12.     Through this motion, Tech Inc. requests the entry of an order authorizing the Parties to compromise the claims and counterclaims in the Adversary Proceedings in accordance with the terms detailed herein and in the Settlement Agreement.

## Applicable Law

13.     Bankruptcy Rule 9019(a) provides that after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of whether or not to approve a compromise is within the court's discretion. *In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007).  In order to fulfill its duty to scrutinize any potential settlement, the bankruptcy court must determine whether a proposed settlement is "fair and equitable."  *Id.*  In making this determination, the Court must evaluate whether the compromise falls below the "lowest point of reasonableness." *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990), the Eleventh Circuit provided additional guidance as to whether a compromise should be approved.  *Justice Oaks* established a four-part test for approval:

    (a)    The probability of success in litigation;

    (b)    The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.*

14. This Court has the authority to grant the relief requested by Tech Inc. in this motion. *In re Guy F. Atkinson Co. of California, 242* B.R. 497, 502-03 (B.A.P. 9th Cir. 1999) (determining that, despite the language of Bankruptcy Rule 9019, a party other than a trustee may move for court approval of a settlement of claims provided that there exists "sufficient reason" and that "the entity's interests and incentives in settling the claims [are] consistent with maximizing the estate for all creditors").

15. In the instant case, sufficient reason exists to authorize compromise of the Adversary Proceedings upon motion by Tech Inc. First, the Debtor is not a party to the either of the Adversary Proceedings and has not raised any objection to the Settlement Agreement, though its representatives attended the Settlement Conference. Further, the bankruptcy estate has requisite assets to pay all creditors 100 percent on their allowed claims. Therefore, the resolution of the Adversary Proceedings affects distribution amounts only with respect to Tech Inc. and equity interests; the Settlement does not impact the amount available for distribution to any other creditor. However, unsecured creditors are impacted by ongoing litigation in the Adversary Proceedings because Tech Inc. is the largest secured creditor of the bankruptcy estate. Ongoing litigation in the Adversary Proceedings injects uncertainty into the timeline for administration of the estate and could delay a full payout to the unsecured creditors on their allowed claims. As such, the Settlement satisfies the *Justice Oaks* standard.

**WHEREFORE**, Tech Inc. respectfully requests that the Court enter an Order in the form attached hereto as **Exhibit 2**, (i) granting this Motion; (ii) approving the Settlement Agreement

(as described herein); and (iii) granting such other and further relief as this Court deems just and proper.

## Negative Notice

16.    Pursuant to Local Rules 9013-1(D)(3)(b) and 9019-1, if no opposition to this motion or the Settlement contemplated herein is filed with the Court and served upon counsel for Tech Inc. within twenty one (21) days from the date of service of this motion, then Tech Inc. will submit to the Court a "Certificate of No Response or Settlement and Request for Entry of Order" and the attached proposed Order for immediate entry by the Court.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Approve Compromise and Settlement of Claims Against and By Technology Investors, Inc*. was served on the 30th day of July, 2014, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and by first class, U.S. Mail upon all parties on the attached Court Matrix (to the extent such parties were not already served electronically by the Court as set forth herein).

Dated July 30, 2014                          Respectfully Submitted,

                                             BERGER SINGERMAN LLP
                                             *Attorneys for Technology Investors, Inc.*
                                             1450 Brickell Avenue, Suite 1900
                                             Miami, FL  33131
                                             Telephone:  (305) 755-9500
                                             Facsimile:  (305) 714-4340


                                             By:   /s/ Etan Mark
                                                   Paul Steven Singerman
                                                   Florida Bar No. 378860
                                                   singerman@bergersingerman.com
                                                   Etan Mark
                                                   Florida Bar No. 720852
                                                   emark@bergersingerman.com

7

## CM/ECF SERVICE LIST

- Vincent F Alexander vfa@kttlaw.com, lf@kttlaw.com
- Philip D. Anker philip.anker@wilmerhale.com, yolande.thompson@wilmerhale.com
- Barry S Balmuth balmuthlaw@alum.emory.edu, assistantbalmuthlaw@gmail.com
- David E Bane dbane@hunton.com, aflynn@hunton.com
- Alan R Barbee ecf@marcumllp.com
- Paul J. Battista pbattista@gjb-law.com, gjbecf@gjb-law.com
- Alexandra D Blye ablye@cfjblaw.com, kdemar@cfjblaw.com;wpbecf@cfdom.net
- James M Brako LegalServices@pbctax.com
- Nancy B Colman ncolman@baritzcolman.com, mizzo@baritzcolman.com
- Catherine E Douglas catherine.douglas@akerman.com, jeanette.martinez@akerman.com
- Brett A Elam belam@brettelamlaw.com, info@brettelamlaw.com;deanna@brettelamlaw.com
- C Craig Eller celler@broadandcassel.com
- John D Emmanuel emmanuel@fowlerwhite.com, sstorno@fowlerwhite.com
- Darren D. Farfante dfarfante@fowlerwhite.com, Denise.Strand@bipc.com
- Keith W. Fendrick keith.fendrick@hklaw.com, andrea.olson@hklaw.com
- Eric B Fisher , nybankruptcydocketing@dicksteinshapiro.com;zuckere@dicksteinshapiro.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com;jkleinman@fgllp.com
- Robert C Furr bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Brian K Gart bgart@bergersingerman.com, clamb@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Mariaelena Gayo-Guitian mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com
- Robert N Gilbert rgilbert@cfjblaw.com, kdemar@cfjblaw.com;wpbecf@cfdom.net
- Daniel L. Gold dgold@ecccounsel.com, bankruptcy@ecclegal.com,nsocorro@ecclegal.com
- Alvin S. Goldstein mmitchell@furrcohen.com, atty_furrcohen@bluestylus.com
- Linda W Jackson jackson@salazarjackson.com, aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com;Salazar@SalazarJackson.com
- Anthony Kang akang@arnstein.com
- Philip J Landau plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com
- Bernice C. Lee blee@sfl-pa.com, vchapkin@sfl-pa.com
- Sharon L Levine slevine@lowenstein.com
- Corali Lopez-Castro clc@kttlaw.com, rcp@kttlaw.com
- Etan Mark emark@bergersingerman.com, lyun@bergersingerman.com;sgranai@bergersingerman.com;rboone@bergersingerman.com
- Jerry M Markowitz jmarkowitz@mrthlaw.com, rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

- Adam D. Marshall AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com
- Thomas M. Messana tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com
- Todd C Meyers tmeyers@kilpatricktownsend.com, rrahman@kilpatricktownsend.com;lcanty@kilpatricktownsend.com;mlangford@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com;prosenblatt@kilpatricktownsend.com
- Raymond V Miller rmiller@gunster.com, vyon@gunster.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Jason S Rigoli jrigoli@furrcohen.com, ndixon@furrcohen.com;atty_furrcohen@bluestylus.com
- Luis Salazar salazar@salazarjackson.com, jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com
- David Samole das@kttlaw.com, mc@kttlaw.com;ycc@kttlaw.com
- Kevin G. Schneider kschneider@ngelaw.com
- Esperanza Segarra esegarra@hinshawlaw.com, clucas@hinshawlaw.com
- Paul Steven Singerman singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Steven B Smith smiths@dicksteinshapiro.com, nybankruptcydocketing@dicksteinshapiro.com
- Steven J. Solomon steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- Sabrina L Streusand streusand@slollp.com, prentice@slollp.com
- TR Capital Management (TRoss) tross@trcmllc.com
- Charles M Tatelbaum cmt@trippscott.com, ksb@trippscott.com
- John R Thomas jthomas@smithhulsey.com, aadams@smithhulsey.com
- Scott A. Underwood scott.underwood@bipc.com, denise.strand@bipc.com
- Aaron A Wernick awernick@furrcohen.com, cworkinger@furrcohen.com;atty_furrcohen@bluestylus.com
- Henry S Wulf hwulf@cfjblaw.com, kdesroches@cfjblaw.com
- Stuart A Young syoung@ybplaw.com
- Linda J Zhou linda.zhou@bipc.com, sabrina.storno@bipc.com

Label Matrix for local noticing
113C-9
Case 13-20853-PGH
Southern District of Florida
West Palm Beach
Wed Jul 30 09:10:44 EDT 2014

Bu4M&M, LLC
c/o C. Craig Eller, Esquire
Broad and Cassel
One North Clematis Street, Suite 500
West Palm Beach, FL 33401-5537

BRE/BOCA Corporate Center L.L.C.
c/o Carlton Fields PA
525 Okeechobee Blvd #1200
West Palm Beach, FL 33401-6350

CoreLogic, Inc.
Hunton & Williams LLP
c/o David Bane
1111 Brickell Avenue
Suite 2500
Miami, FL 33131-3155

Creditor Committee
c/o Paul J Battista, Esq
100 SE 2nd St
Miami, FL 33131-2100

Data Acquisition Group, LLC
c/o Luis Salazar
Salazar Jackson, LLP
2 South Biscayne Blvd
Suite 3760
Miami, Fl 33131-1815

Dell Financial Services, LLC
c/o Streusand, Landon & Ozburn, LLP
811 Barton Springs Rd #811
Autsin, TX 78704-1166

Equifax Information Services, LLC
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530

GCA Savvian Advisors, LLC
c/o Messana, P.A.
401 East Las Olas Blvd.
Suite 1400
Fort Lauderdale, FL 33301-2218

Greencook Management LLC
26801 Hickory Blvd
Bonita Springs, FL 34134-8304

Hunter Creek LLC
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1618

Infutor Data Solutions Corporation
c/o Stuart A Young, Esq
1860 Forest Hill Blvd. #201
West Palm Beach, FL 33406-6086

Internal Revenue Service
Centralized Insolvency Operations
POB 7346
Philadelphia, PA 19101-7346

JHBTLO, LLC
c/o Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Boulevard
9th Floor
Miami, FL 33134-6039

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Miami, FL 33134-6039

Linebarger Groggan Blair & Sampson, LLP
c/o Jim Schober, Esq.
Barlett & Schober, P.C.
1611 Nueces St.
Austin, TX 78701-1105

MDG Advertising, Inc
1075 Broken Sound Parkway NW
Boca Raton, FL 33487-3530

Palm Beach County Tax Collector
c/o James M. Brako, General Counsel
P.O. Box 3715
West Palm Beach, FL 33402-3715

Receivable Management Services
Authorized Agent for Dun & Bradstreet
c/o Ronald Rowland Esq
307 International Cir #270
Hunt Valley, MD 21030-1322

Sonar Credit Partners II LLC
200 Business Pk Dr #201
Armonk, NY 10504-1751

TLFO, LLC
4530 Conference Way South
Boca Raton, FL 33431-4489

TR Capital Management (TRoss)
336 Atlantic Ave # 302
East Rockaway, NY 11518-1124

Technical Electric Systems Inc
87 S Hwy 17-92 Unit B
DeBary, FL 32713-3364

Technology Investors, Inc.
c/o Marshall Socarras Grant, P.L.
197 South Federal Highway #300
Boca Raton, FL 33432-4946

Tracers Information Specialists
c/o Philip J. Landau, Esq.
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, # 3
Boca Raton, FL 33431-8579

Triax Data, Inc.
c/o Shraiberg, Ferrara & Landau, P.A.
Philip J. Landau, Esq.
2385 NW Executive Center Drive, # 3
Boca Raton, FL 33431-8579

Wells Fargo Bank, N.A.
c/o John R. Thomas, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202-4494

e-Merges.com, Inc.
105 S. Narcissus Avenue
Suite 802
West Palm Beach, FL 33401-5530

tw telecom inc
c/o Linda Boyle
10475 Park Meadows Dr #400
Littleton, CO 80124-5433

Accutrend Data Corp
7860 East Berry PL #200
Englewood, CO 80111-2303

Accutrend Data Corp.
P.O. Box 6615
Greenwood Village, CO 80155-6615

Apache Corporation
Attn: Andrew Friedberg
2000 Post Oak Blvd #100
Houston, TX 77056-4400

BDO USA LLP
Attn: Laurence W Goldberg
4035 Premier Dr #333
High Point NC 27265-8312

BDO USA, LLP
1601 Forum Place
#904 Centurion Plaza
West Palm Beach, FL 33401

BRE Boca Corporate Center, LLC (Ptrship)
39174 Treasury Center
Chicago, IL 60694-9100

BRE/Boca Corporate Center, LLC
Equity Office Management, LLC
Attn:  Brian Vaas
5000 T Rex Avenue, Suite 100
Boca Raton, FL 33431-4492

Bob Davis
3941 S. Bristol St #D
Santa Ana, CA 92704-7496

CDW, LLC
200 N Milwaukee Ave
Vernon Hills, IL 60061-1577
Attn: Vida Krug

Charles Simpson, B'cy Mgr
Dell Financial Svcs LLC
2300 Greenlawn Blvd, MS RR3-52
Round Rock TX 78682-0001

Christopher Cavalier
Experian North America
475 Anton Blvd
Coasta Mesa CA 92626-7037

Compact Information Systems Inc
7120  185th Ave NE
Redmond, WA 98052-0575

Compass Marketing Solutions LLC
808 P Street #300
Lincoln, NE 68508-1383

Cookie Schwartz Diaz
POB 221643
Newhall CA 91322-1643

CoreLogic Information Solutions Inc
Corelogic Solutions I LC
40 Pacifica #900
Irvine, CA 92618-7487

CoreLogic Teletrack, Inc.
P.O. Box 847075
Dallas, TX 75284-7075

Corelogic Information Solutions, Inc.
P.O. Box 847239
Dallas, TX 75284-7239

Corelogic Teletrack Inc
Teletrack LLC
5550-A Peachtree Pkyw #600
Norcross, GA 30092

Corelogic Teletrack, Inc
f/ka/ First American Corelogic
PO Box 847075
Dallas, TX 75284-7075

DTE Boca Raton, LLC (Corp.)
414 S. Main St., #600
Ann Arbor, MI 48104-2398

Daniel Merchant
SMA Communications
6901 SW 18 St #E202
Boca Raton FL 33433-7037

Data Acquisition Group, LLC
c/o Salazar Jackson, LLP
Two South Biscayne Boulevard
Suite 3760
Miami, Florida 33131-1815

DataOne Software
150 Granby St
Norfolk, VA 23510-1604

DataQuick
File 50261
Los Angeles, CA 90074-0261

(p)DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

Dell Financial Services
PO Box 99355
Chicago, IL 60693-9355

Dell Financial Services (Lease Contr)
Payment Processing Center
P.O. Box 6549
Carol Stream, IL 60197-6549

Dell Financial Services, LLC
c/o Streusand, Landon & Ozburn, LLP
811 Barton Springs Rd., Ste. 811
Austin, Texas 78704-1166

Dell Marketing L.P. - 9389
C/O Dell USA L.P.
P.O. Box 534118
Atlanta, GA 30353-4118

Dell Marketing, L.P.
c/o Sabrina Streusand
Streusand, Landon & Ozburn, LLP
811 Barton Springs Rd., Ste. 811
Austin, TX 78704-1166

Department of Highway Safety
and Motor Vehicle
2900 Apalachee Pkwy
Tallahassee, FL 32399-0500

Dept. of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Dun & Bradstreet Inc.
P.O. Box 75434
Chicago, IL 60675-5434

Dun & Bradstreet
c/o RMS Bankruptcy Recovery Services
P.O. Box 5126
Timonium, Maryland 21094-5126

Dun and Bradstreet Inc
3 Sylvan Way
Attn Electronic Licensing
Parsippany, NJ 07054-3822

Equifax Credit Mktg. Services (LLC/Corp)
P.O. Box 945510
Atlanta, GA 30394-5510

Equifax Information Services
1550 Peachtree St
Atlanta, GA 30309-2468

Equifax Information Services, LLC
c/o Paul M. Rosenblatt, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4530

Experian - 2983
P.O. Box 886133
Los Angeles, CA 90088-6133

Experian - 3664
P.O. Box 881971
Los Angeles, CA 90088-1971

Experian - 3812
P.O. Box 886133
Los Angeles, CA 90088-6133

Experian - 7485 (Inc.)
P.O. Box 886133
Los Angeles, CA 90088-6133

Experian - 7690
P.O. Box 886133
Los Angeles, CA 90088-6133

Experian - 9430
P.O. Box 886133
Los Angeles, CA 90088-6133

Experian Information Solutions Inc
475 Anton Blvd
Costa Mesa, CA 92626-7037

Experian Information Solutions, Inc.
c/o Joseph D. Frank
FrankGecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60654-6465

FACTIVA Inc, a Dow Jones Co
Attn: Credit Dept
POB 300
Princeton NJ 08543-0300

Factiva Inc.
P.O. Box 300
Princeton, NJ 08543-0300

(p)FEDERAL TRADE COMMISSION
ASSOCIATE DIRECTOR
DIVISION OF ENFORCEMENT
600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122
WASHINGTON DC 20580-0001

GCA Savvian Advisors, LLC
c/o Robert L. Eisenbach III
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800

Gary Myhre
6008 Lelac Rd
Boca Raton, FL 33496-2302

Gary Schultheis, c/o E.Segarra, Hinshaw & Cu

Gary Steck
LSSiDATA
1 Sentry Pkwy #7000
Blue Bell PA 19422-2310

Green Cook Management, LLC
c/o William H. Myers, Esquire
Porter Wright et. al.
9132 Strada Place
Bonita Springs, FL 34108-2942

Infutor Data Solutions Corp
111 Zapata Lane
Minooka, IL 60447-9355

Infutor Data Solutions Inc
c/o Kevin G Schneider
2 N LaSalle St #1700
Chicago IL 60602-4000

Infutor Data Solutions, Inc.
15129 S. Route 59
Plainfield, IL 60544-2772

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

JAG 25 Enterprises
11031 Springfield Place
Hollywood, FL 33026-4855

JAG 25 Enterprises, Inc.
11031 Springfield Place
Cooper City, FL 33026-4855

Joseph D. Frank
FrankGecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60654-6465

Jules Kroll
845 Third Ave, 4th Floor
New York, NY 10022-6647

Katherine Bartnik
c/o C Larmoyeux and B Bone
550 S Quadrille Blvd #200
West Palm Beach FL 33401-5855

LEAF
POB 644006
Cincinnati, OH 45264-4006

LSSi Data Corp
One Sentry Pkwy #6000
Blue Bell, PA 19422-2310

LSSiData Corp.
P.O. Box 730401
Dallas, TX 75373-0401

Leaf Capital
1720 A Crete St
Moberly, MO 65270-3681

Lssidata
Volt Delta Resources
1600 Stewart Ave #305
Westbury NY 11590-6611

(c)MDG ADVERTISING INC.
3500 NW 2ND AVE STE 601
BOCA RATON FL  33431-5867

Mary N. Price as PR of the Estate of W. H. P
c/o William H. Myers, Esquire
Porter Wright et. al.
9132 Strada Place
Bonita Springs, FL 34108-2942

Matthew A. Foreman Esq
Atty for Tracers Info
11031 Spring Hill Dr
Spring Hill, FL 34608-5049

Monster Worldwide Inc.
7800 West Brown Deer Road
Suite 200
Milwaukee, WI 53223-1915

Monster, Inc.
P.O. Box 90364
Chicago, IL 60696-0364

NominoData LLC
PO Box 3340
Incline Village, NV 89450-3340

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Ole Poulsen
18800 Bull Springs Rd
Bend OR 97701-9487

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715

SMA Communications, LLC
6901 S.W. 18th St. #E-202
Boca Raton, FL 33433-7037

Scott Wagner
8668 Breezy Hill Dr
Boynton Beach, FL 33473-4899

Steven D. Sass
Dun & Bradstreet
307 International Cir #270
Hunt Valley MD 21030-1322

Sunera LLC
201 E. Kennedy Blvd.
Suite #415
Tampa, FL 33602-5823

Syncapes Corp
PO Box 347870
Pittsburgh, PA 15251-4870

TRC MASTER FUND LLC
Attn: Terrel Ross
PO Box 633
Woodmere, NY 11598-0633

Technical Electric Systems Inc
87 S Highway 17-92, #B
Debary, FL 32713-3364

Technical Electric Systems Inc
87-B S. US Highway 17-92
DeBary, FL 32713-3364

Technology Investors Inc
c/o Mike Kuzy
1948 NE 7 Terr
Ft Lauderdale FL 33305-2207

Technology Investors, Inc.
c/o Scott A. Underwood
Fowler White Boggs P.A.
P.O. Box 1438
Tampa, FL 33601-1438

Terry Kilburn, Chief Op Officer
Tracers Information Spec Inc
15470 Flight Path Dr
Brooksville FL 34604-6823

Thomas Glocer
60 East 96th Street, PHB
New York, NY 10128-0757

Tracers Information Specialists, Inc.
15470 Flight Path Drive
Brooksville, FL 34604-6823

TransUnion LLC
Attn: Accounts Receivable
555 W Adams St
Chicago IL 60661-3631

TransUnion, LLC
P.O. Box 99506
Chicago, IL 60693-9506

Triax Data, Inc.
c/o Philip J. Landau, Esq.
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, Suite 30
Boca Raton, Florida 33431-8579

Wells Fargo Bank, N.A.
c/o John R. Thomas, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202-4494

West Payment Center (Corp)
P.O. Box 6292
Carol Stream, IL 60197-6292

Aaron A Wernick
2255 Glades Rd # 337W
Boca Raton, FL 33431-7379

Alan R Barbee
Marcum LLP
525 Okeechobee Blvd # 750
West Palm Beach, FL 33401-6329

Alvin S. Goldstein Esq
2255 Glades Rd #337W
Boca Raton, FL 33431-7379

Barbara Ripp
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1572

Brian Bachman
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1572

Caroline Asher Yoost
c/o Raymond V Miller, Esq
600 Brickell Ave #3500
Miami, FL 33131-3090

Caroline Asher Yoost, as Co-Trustee of the C
c/o Raymond V. Miller
600 Brickell Ave #3500
Miami, FL 33131-3090

Caroline Asher Yoost, as Co-Trustee of the E
c/o Raymond V. Miller
600 Brickell Ave #3500
Miami, FL 33131-3090

Dan MacLachlan
c/o Salazar Jackson, LLP
Two South Biscayne, Suite 3760
Attn: Luis Salazar
Miami, FL 33131-1815

David Ristaino
350 E Las Olas Blvd #1600
Ft Lauderdale, FL 33301-4247

Derek Dubner
c/o Salazar Jackson, LLP
Two South Biscayne, Suite 3760
Miami, FL 33131-1815

Eliza Desiree Asher
c/o Raymond V Miller, Esq
600 Brickell Ave #3500
Miami, FL 33131-3090

Eliza Desiree Asher, as Co-Trustee of the Ca
c/o Raymond V. Miller
600 Brickell Ave #3500
Miami, FL 33131-3090

Eliza Desiree Asher, as Co-Trustee of the El
c/o Raymond V. Miller Esq
600 Brickell Ave #3500
Miami, FL 33131-3090

Frank E. Jaumot
Ahearn Jasco & Company
190 SE 19th Avenue
Pompano Beach, FL 33060-7549

Gene Bernstein
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1572

James F Carroll
633 S Federal Hwy, 8 Fl
Ft Lauderdale, FL 33301-3164

Jason S Rigoli Esq.
2255 Glades Rd # 337W
Boca Raton, FL 33431-7379

Jay H Bernstein
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1572

Jerry M. Markowitz
9130 S Dadeland Blvd
Two Datran Ctr #1800
Miami, FL 33156-7849

Jim Schober
1611 Nueces St
Austin, TX 78701-1105

Judith W. Redden Trust
c/o Raymond V. Miller, Esq.
Gunster Yoakley & Stewart PA
2 South Biscayne Blvd.
Suite 3400
Miami, FL 33131-1807

Jules B. Kroll
c/o Luis Salazar
Salazar Jackson, LLP
2 South Biscayne Blvd. Suite 3760
Miami, FL 33131-1815

Mark S. Roher Esq.
633 S Federal Hwy #800
Ft Lauderdale, FL 33301-3166

Mary N. Price
c/o Barry S Balmuth
1601 Forum Pl #1101
West Palm Beach, FL 33401-8104

Matthew A Foreman
20 S Broad St
Brooksville, FL 34601-2829

Nancy Kilburn
c/o Philip J. Landau, Esq.
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, # 3
Boca Raton, FL 33431-8579

Ole Poulsen
Salazar Jackson, LLP
2 South Biscayne Blvd. Suite 3760
Miami, FL 33131-1815

Peter Ripp
c/o Covington & Burling LLP
620 Eighth Ave
New York, NY 10018-1572

R Lumpkin
100 SE 2nd St, 30 Fl
Miami, FL 33131-2194

Robert C Furr Esq
2255 Glades Rd #337W
Boca Raton, FL 33431-7379

Shawn Smith
c/o Esperanza Segana Esq
2525 Ponce de Leon Blvd #400
Coral Gables, FL 33134-6044

Terry Kilburn
c/o Philip J. Landau, Esq.
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, # 3
Boca Raton, FL 33431-8579

Thomas Santoro
1101 Brickell Ave #S-503
Miami, FL 33131-3110

Thomas H. Glocer
c/o Luis Salazar
Salazar Jackson, LLP
2 South Biscayne Blvd. Suite 3760
Miami, FL 33131-1815

William H Price

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dell Financial Services
MAIL STOP PS2DF-23
One Dell Way
Round Rock, TX 78682

Federal Trade Commission
8600 Pennsylvania Ave NW
Washington, DC 20580

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

MDG Advertising Inc.
3500 NW Boca Raton Boulevard
Suite 601
Boca Raton, FL 33431

(d)MDG Advertising Inc.
3500 NW Boca Raton Boulevard Suite 601
Boca Raton, FL  33431

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Applied Data Sciences

(u)Dun & Bradstreet

(u)Equifax Information Services, LLC

(u)Experian Information Solutions, Inc.

(u)LexisNexis Risk Solutions FL, Inc.

(u)Oversight Committee

(u)Teletrack LLC

(u)TransUnion Holding Company, Inc.

(u)TransUnion LLC

(u)Warburg Pincus LLC

(u)West Palm Beach

(d)Corelogic Information Solutions
CoreLogic Solutions, I LC
40 Pacifica #900
Irvine, CA 92618-7487

(d)Equifax Information Services LLC
1550 Peachtree St
Atlanta, GA 30309-2468

(u)Gary J. Schultheis c/o E. Segarra, Hinshaw

(u)Gary J. Schultheis, c/o Hinshaw & Culberts

(d)Greencook Management LLC
26801 Hickory Blvd
Bonita Springs, FL 34134-8304

(u)John O. Schaeffer
**DELETED PER DE#775**

(u)Paul Fichtman
**DELETED PER DE#775**

(d)SMA Communications, LLC
6901 S.W. 18th St. #E-202
Boca Raton, FL 33433-7037

(d)Sonar Credit Partners II LLC
200 Business Pk Dr #201
Armonk NY 10504-1751

(d)Technical Electric Systems, Inc.
87-B S. US Highway 17-92
DeBary, FL 32713-3364

(u)Various Members

(u)William H. Price
**DELETED PER DE#775**

(u)William Price
**DELETED PER DE#775**

(u)Ana Massetti

(u)Andrew Prozes

(d)Gary Myhre
6008 LeLac Rd
Boca Raton, FL 33496-2302

(u)Gary J. Schultheis
c/o Esperanza Segarra, Esq.
2525 Ponce de Leon Blvd, 4th floor
Coral Gables

(u)John Walsh

(u)Katherine Bartnik

(u)Leroy Wilson

(u)Mariaelena Gayo-Guitian

(u)Michael Turner

(u)Walter Tomal Yoost

End of Label Matrix
Mailable recipients    159
Bypassed recipients     34
Total                  193

# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 13-20853-PGH

TLO, LLC,                                           Chapter 11

         Debtor.                                    Adv. Pro. 13-01943-PGH
                                                    Adv. Pro. 14-01149-PGH

_____/

## SETTLEMENT AGREEMENT

     This Settlement Agreement ("Agreement") is entered as of June 23, 2014, by and among the
parties listed below (collectively, the "Parties"):

## PARTIES

     (a)     Technology Investors, Inc., ("Tech Inc.") as Member[1] of TLO, LLC ("TLO") and
as lender under the $125 million revolving promissory note dated January 31, 2011, made by
TLO in favor of Tech Inc.;[2]

     (b)     Jay H. Bernstein, individually and as a Member of TLO; Gene M. Bernstein,
individually, as a Member of TLO, and as a trustee of Hunter Creek, LLC, which is a Member of
TLO; Michael Patipa, individually and as a principal of BJ4M&M, LLC, which is a Member of
TLO; Mickey Silverman, individually and as a principal of BJ4M&M, LLC, which is a Member
of TLO; Jay H. Baker, individually, as a Member of TLO, and as a principal of JHBTLO, LLC,
which is a Member of TLO; Brian Bachman, individually and as Member of TLO; Barbara Ripp,
individually and as a Member of TLO; and Peter Ripp, individually and as a Member of TLO
(collectively, the "Bernstein Group");

     (c)     Jules Kroll ("Kroll"), individually and as a Member of TLO; Thomas Glocer
("Glocer"), individually and as a Member of TLO; Gary Schultheis, individually and as a
Member of TLO; and Shawn Smith, individually and as a Member of TLO (collectively, the
"Profit Interest Group"); and

     (d)     Ole Poulsen ("Poulsen"), individually and as a Member of TLO.

## RECITALS

---

[1] The term "Member" as used herein, means a member of TLO, LLC.

[2] On April 14, 2014, the Bankruptcy Court entered an order authorizing the change of the Debtor's corporate
identity to TLFO, LLC [ECF No. 904]. For purposes of this Agreement, all references to "TLO" shall refer to TLO
and any successors-in-interest.

Settlement Agreement
Page   2

---

The Parties recite as follows:

**WHEREAS**, on May 9, 2013, TLO filed for relief under Chapter 11 of the United States Bankruptcy Code, Case No. 13-20853-PGH filed in the United States District Court, Southern District of Florida (the "Main Bankruptcy Case");

**WHEREAS**, on September 3, 2013, Tech Inc. filed its proof of claim in the Main Bankruptcy Case asserting its $89.1 million secured claim (Claim #35, the "Tech Inc. Claim");

**WHEREAS**, on December 20, 2013, Kroll and Glocer filed their complaint in Adv. Pro. No. 13-01943-PGH against Tech Inc. (the "Glocer Adversary") [ECF No. 1 in the Glocer Adversary], which was later joined by Ole Poulsen, Gary Schultheis, Shawn Smith, and BJ4M&M. *See Order Granting Motions for Interventions and Joinders* [ECF No. 37 in the Glocer Adversary];

**WHEREAS**, on January 31, 2014, the Bernstein Group filed its complaint in Adv. Pro. 14-01149-PGH against Tech Inc. (the "Bernstein Adversary") [ECF No. 1 in the Bernstein Adversary] and the Profit Interest Group joined by Poulsen filed its amended complaint [ECF No. 16 in the Glocer Adversary], where each group sought to recharacterize the debt identified in the Tech Inc. Claim;

**WHEREAS**, Tech Inc. presented certain affirmative defenses regarding the recharacterization claim in the Bernstein Adversary and the Glocer Adversary (together, the "Adversary Proceedings") [ECF No. 50 in the Bernstein Adversary; ECF No. 64 in the Glocer Adversary];

**WHEREAS**, Tech Inc. filed counterclaims on May 5, 2014, asserting breach of contract and other claims [ECF No. 51 in the Bernstein Adversary; ECF No. 79 in the Glocer Adversary];

**WHEREAS**, on April 29, 2014, the Court granted the *ore tenus* request by the Bernstein Group to direct parties to a judicial settlement conference and entered its *Order Directing Parties to Judicial Settlement Conference* on May 8, 2014 [ECF No. 52 in the Bernstein Adversary; ECF No. 81 in the Glocer Adversary];

**WHEREAS**, on June 23, 2014, the Parties attended a judicial settlement conference before the Hon. Robert A. Mark, which resulted in the settlement of all matters in the Adversary Proceedings;

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Parties have agreed to the terms set forth in this Agreement;

**WHEREAS**, the Parties intend for all deadlines in the Adversary Proceedings to be stayed pending execution by the Parties and Court approval of this Agreement;

Settlement Agreement
Page   3

---

**NOW, THEREFORE,** in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1.      Subject to this Agreement, the Parties agree that the above recitals are true and correct.

2.      Tech Inc. agrees to reduce the Tech Inc. Claim to $66.5 million, inclusive of any claim for interest, costs, and attorneys' fees (the "Reduced Claim"). Tech Inc. will not receive any additional Member Units, as that term is defined in TLO's November 21, 2012 Operating Agreement (the "Operating Agreement"), in exchange for or in connection with the reduction of the Tech Inc. Claim.

3.      Except as otherwise stated herein, to the extent funds are available for distribution after the Reduced Claim is paid in full and all other allowed claims of the estate are paid in full or reserved for in accordance with the Debtor's Amended Plan of Liquidation [ECF NO. 781 in the Main Bankruptcy Case] as modified and confirmed by the Order Confirming the Debtor's Amended Plan of Liquidation [ECF No. 1011 in the Main Bankruptcy Case] (collectively, "the Plan"), each of the Members shall receive a pro rata distribution up to Target A (as defined herein) consistent with the "Class 5 Distribution" column set forth in Exhibit A attached hereto (the "Liquidation Distribution"). Target A is defined solely for purposes of this Agreement as $36.884 million.

4.      After the Reduced Claim is paid in full and all other allowed claims of the estate are paid in full or fully reserved for in accordance with the Plan, if there are funds available for distribution in excess of Target A (as defined in paragraph 3 above), the Parties agree that each of the Members shall receive a pro rata distribution consistent with the "Class 6 Distribution" column set forth in the Liquidation Distribution. To the extent that any distribution to the Profit Interest Group, in the aggregate, does not exceed $400,000.00, then Tech Inc. shall pay to the Profit Interest Group, within ten (10) business days of receipt of Tech Inc.'s pro rata distribution consistent with the Liquidation Distribution, such amount as may be necessary to fund a distribution to the members of the Profit Interest Group in an aggregate amount not to exceed $400,000.00 (such amount is hereinafter referred to as the "Minimum Amount").

5.      In accordance with the Plan[3] and, within fourteen (14) days of the later of the order by the bankruptcy court approving this Agreement becoming a final, non-appealable order or the order by the probate court approving this agreement in the Probate Case becoming a final, non-appealable order (a "Final Settlement Order"), the Debtor and Plan Disbursing Agent agree to file a motion for authority to make a second interim distribution to the extent of available funds on hand to pay, in order of priority: (a) Tech Inc. the remaining balance on the Reduced Claim; (b) all non-disputed, Class 3 Allowed Unsecured Creditors the remaining balance of their

---

[3] Unless otherwise defined herein, capitalized terms in this paragraph are defined in the Plan and are intended to carry the definitions set forth in the Plan.

Settlement Agreement
Page  4

---

Allowed Claims, including accrued interest on their Allowed Claims at the rate provided for under the Plan; (c) all Class 4 Greencook Unsecured Claims in full; and (d) after reserving sufficient funds for any future administrative expenses and all Disputed Claims/Equity Interests (with priority above Class 5), an interim distribution to holders of Class 5 – Allowed Class A Equity Interests in the Debtor (as defined in the Plan).  The Debtor and the Plan Disbursing Agent are signatories to this Agreement for purposes of this paragraph only and are not otherwise parties to, or bound by, the Agreement.  Notwithstanding anything herein to the contrary, the Debtor and Plan Disbursing Agent shall not be prohibited from making final distributions to the holders of Allowed Clams in Class 3 of the Plan prior to a Final Settlement Order upon order of the bankruptcy court.

6.      Any distributions due and owing to Kroll, Glocer or Poulsen pursuant to the terms of this Agreement, the Plan, or otherwise, shall be made payable to Dickstein Shapiro LLP, for distribution to Kroll, Glocer and Poulsen.

7.      Upon a Final Settlement Order and receipt by the Profit Interest Group of the Minimum Amount, the Profit Interest Group shall file a Stipulation of Dismissal with prejudice of their claims in the Glocer Adversary.

8.      Upon a Final Settlement Order and receipt by the Bernstein Group of the all proceeds from a distribution consistent with the Liquidation Distribution, the Bernstein Group shall file a Stipulation of Dismissal with prejudice of their claims in the Bernstein Adversary.

9.      Upon a Final Settlement Order and receipt by Poulsen of his pro rata distribution consistent with the Liquidation Distribution, Poulsen shall file a Stipulation of Dismissal with prejudice of his claims in the Glocer Adversary.

10.     To the extent any of the Parties joined in either the Bernstein Adversary or the Glocer Adversary, upon a Final Settlement Order and receipt by such Party of all proceeds from a distribution consistent with the Liquidation Distribution, such Party shall file a Stipulation of Dismissal with prejudice of their claims in respect of the applicable adversary proceeding.

11.     Upon a Final Settlement Order and receipt by Tech Inc. of its pro rata distribution consistent with the Liquidation Distribution, Tech Inc. shall file a Stipulation of Dismissal with prejudice of its counterclaims filed in the Bernstein Adversary and the Glocer Adversary.

12.     Except as to the rights and claims created or expressly preserved by this Agreement, upon a Final Settlement Order and receipt of their pro rata distribution consistent with the Liquidation Distribution, each of the Bernstein Group, the Profit Interest Group, and Poulsen (collectively, "Plaintiffs"), for themselves and their successors and assigns, if any may exist at any time, do hereby agree to release and forever discharge Tech Inc., together with its respective legal representatives, successors and assigns, if any may exist at any time, and together with its respective officers, directors, employees, agents, and attorneys acting in any of such capacities, and each of them, from any and all manner of claims, demands, obligations, damages, actions, causes of action or suits, whether known or unknown, which Plaintiffs or any of them now have against Tech

4

Settlement Agreement
Page   5

---

Inc. and its respective officers, directors, employees, agents and attorneys (including but not limited to Michael J. Kuzy) acting in any of such capacities, or any of them, or ever had, or which his or its successors and assigns hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, on or at any time prior to the date of this Agreement, all matters which were asserted in and by the pleadings filed in the Bernstein Adversary or the Glocer Adversary, together with any and all other matters of any nature whatsoever which could have been asserted and placed in controversy among the Parties, and any and all matters arising from or in connection with the Bernstein Adversary or the Glocer Adversary, including but not limited to, the commencement, prosecution or defense thereof and therein, as well as any and all matters arising from or in connection with Tech Inc.'s relationship with TLO, including as member, managing member, lender and creditor.   The words "and" and "or" shall be construed either disjunctively or conjunctively as shall be necessary to bring within the scope hereof any matter, cause or thing which might otherwise be construed to be outside the scope of the preceding release.

13.    Notwithstanding the terms and conditions of paragraph 10 above, Gary Schultheis expressly reserves, and all parties acknowledge and accept his reservation of any and all rights, defenses, claims and causes of action as to Claim # 38-1 asserted in the Main Bankruptcy Case and the cause of action filed in the Circuit Court in Palm Beach County, Florida, Case No. 2013 CA017610 (AG) (the "Schultheis Action"), against Tech Inc.

14.    Except as to the rights and claims created or expressly preserved by this Agreement, upon a Final Settlement Order and receipt of its pro rata distribution consistent with the Liquidation Distribution, Tech Inc., for itself and its successors and assigns, if any may exist at any time, does hereby release and forever discharge Plaintiffs, together with their respective heirs, legal representatives, successors and assigns, if any may exist at any time and together with their employees, agents and attorneys acting in any of such capacities, and each of them, from any and all manner of claims, demands, obligations, damages, actions, causes of action or suits, whether known or unknown, which Tech Inc. or any of them now have against Plaintiffs and their employees, agents and attorneys acting in any of such capacities, or any of them, or ever had, or which their respective heirs, legal representatives, successors and assigns hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, on or at any time prior to the date of this Agreement, all matters which were asserted in and by the pleadings filed in the Bernstein Adversary or the Glocer Adversary, together with any and all other matters of any nature whatsoever which could have been asserted and placed in controversy among the parties to the pending lawsuit or any combination thereof, whether by amendment to the Complaint or by a compulsory or permissive counterclaim or otherwise, and any and all matters arising from or in connection with the commencement, prosecution, or defense thereof and therein.   The words "and" and "or" shall be construed either disjunctively or conjunctively as shall be necessary to bring within the scope hereof any matter, cause or thing which might otherwise be construed to be outside the scope of the preceding release.

15.    Notwithstanding paragraph 14, above, Tech Inc. expressly reserves any and all manner of claims, objections, defenses, demands, obligations, damages, actions, causes of action or suits, whether known or unknown, asserted or may be asserted in the Schultheis Action or in

Settlement Agreement
Page   6

---

the Main Bankruptcy Case, including but not limited to Claim #31 filed by Gary Myhre, Claim #39 filed by GCA Savvian Advisors, LLC, Claim #12 filed by Thomas Glocer on behalf of Data Acquisition Group, LLC and Claim #17 filed by Jules Kroll on behalf of Data Acquisition Group, LLC.

16.    The Bernstein Group, Profit Interest Group, and Poulsen expressly reserve any and all manner of claims, objections, defenses, demands, obligations, damages, actions, causes of action or suits, whether known or unknown, asserted or may be asserted in the Main Bankruptcy Case, including, but not limited to, the *Eliza Desiree Asher's and Caroline Asher Yoost's Motion for Temporary Allowance of an Administrative Claim for Postpetition Services* [ECF No. 1104] filed in the Main Bankruptcy Case.

17.    The Parties understand that this Agreement is subject to approval by the Court in *In re the Estate of Henry E. Asher*, Case No. 502013CP000440XXXXSB pending in the Probate Division of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Probate Case"). Each Party who is also a party to the Probate Case shall expressly support this Agreement in the Probate Case. The Parties shall not object to the approval of this Agreement in the Probate Case. Additionally, Tech Inc. shall seek approval of this Agreement in the Probate Case within five (5) business days of execution of this Agreement by all Parties.

18.    The Parties agree that the settlement memorialized by this Agreement is in the best interests of the Bernstein Group, the Profit Interest Group, Poulsen, Tech Inc., and TLO.

19.    The Parties shall cooperate in the consummation of the settlement and in the preparation and execution of any and all documents necessary to carry out the intent and purpose of this Agreement.

20.    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors, successors-in-interest, and assigns.

21.    This Agreement shall not be construed against any party as an admission of liability or concession of any matters, except as to those specific agreements contained herein.

22.    This Agreement shall be construed and governed by the internal laws of the State of Florida, without giving effect to the principles of conflict of laws that could result in the application of the laws of a state other than the State of Florida.

23.    This Agreement constitutes the entire agreement by and between the Parties with respect to all issues raised, or that could have been raised, regarding the claims and counterclaims brought in the Adversary Proceedings.

24.    The Parties hereby acknowledge that there are no communications or oral understandings contrary to or different from this Agreement.

Settlement Agreement
Page   7

---

25.     The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Agreement. The Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Agreement.  Notwithstanding the foregoing, Hon. Robert A. Mark shall be the sole and final arbitrator relating to any disputes arising out of or relating to this Agreement, including but not limited to the interpretation of any of the terms herein.

26.     The Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement and all of which shall constitute a singular instrument.

27.     Each Party to this Agreement represents and warrants that it is duly authorized to execute this Agreement and that the person through whom each party executes this Agreement is fully and duly empowered and authorized to execute it on the respective party's behalf.  Each Party to this Agreement further represents and warrants that it has been represented by legal counsel of its choice.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

Date: _July 19, 2014_                    By:   Michael Kuzy, President and Sole Director of
                                                       Technology Investors, Inc.


Date: _____                   By:   Jay H. Bernstein


Date: _____                   By:   Gene M. Bernstein, individually and as a
                                                       trustee of Hunter Creek, LLC


Date: _____                   By:   Michael Patipa, individually and as a principal
                                                       of BJ4M&M, LLC

Settlement Agreement
Page   7

25.    The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Agreement. The Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Agreement. Notwithstanding the foregoing, Hon. Robert A. Mark shall be the sole and final arbitrator relating to any disputes arising out of or relating to this Agreement, including but not limited to the interpretation of any of the terms herein.

26.    The Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement and all of which shall constitute a singular instrument.

27.    Each Party to this Agreement represents and warrants that it is duly authorized to execute this Agreement and that the person through whom each party executes this Agreement is fully and duly empowered and authorized to execute it on the respective party's behalf. Each Party to this Agreement further represents and warrants that it has been represented by legal counsel of its choice.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth above.

Date: _____          By:   Michael Kuzy, President and Sole Director of
                                              Technology Investors, Inc.

Date: _7/21/2014_____                 By:   Jay H. Bernstein

Date: _____          By:   Gene M. Bernstein, individually and as a
                                              trustee of Hunter Creek, LLC

Date: _____          By:   Michael Patipa, individually and as a principal
                                              of BJ4M&M, LLC

7

Settlement Agreement
Page   7

25.    The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Agreement. The Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Agreement. Notwithstanding the foregoing, Hon. Robert A. Mark shall be the sole and final arbitrator relating to any disputes arising out of or relating to this Agreement, including but not limited to the interpretation of any of the terms herein.

26.    The Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement and all of which shall constitute a singular instrument.

27.    Each Party to this Agreement represents and warrants that it is duly authorized to execute this Agreement and that the person through whom each party executes this Agreement is fully and duly empowered and authorized to execute it on the respective party's behalf. Each Party to this Agreement further represents and warrants that it has been represented by legal counsel of its choice.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth above.

Date: _____          _____
                                     By:   Michael Kuzy, President and Sole Director of
                                           Technology Investors, Inc.


Date: _____          _____
                                     By:   Jay H. Bernstein


Date: __7/21/14_____          _____
                                     By:   Gene M. Bernstein, individually and as a
                                           trustee of Hunter Creek, LLC


Date: _____          _____
                                     By:   Michael Patipa, individually and as a principal
                                           of BJ4M&M, LLC

7

Settlement Agreement
Page    8

_____

Date: _July 26, 2014_         _____
                              By:   Michael Patipa, individually and as a principal
                                    of BJ4M&M, LLC


Date: _____ _____
                              By:   Mickey Silverman, individually and as a
                                    principal of BJ4M&M, LLC


Date: _____ _____
                              By:    Jay H. Baker, individually and as a principal
                                     of JHBTLO, LLC


Date: _____ _____
                              By:  Brian Bachman


Date: _____ _____
                              By:   Barbara Ripp


Date: _____ _____
                              By:  Peter Ripp


Date: _____ _____
                              By:   Jules Kroll


Date: _____ _____
                              By:   Thomas Glocer


8

Settlement Agreement
Page    8

Date: _____     By:   Michael Patipa, individually and as a principal
                                     of BJ4M&M, LLC

Date: __7/27/14_____     By:   Mickey Silverman, individually and as a
                                     principal of BJ4M&M, LLC

Date: _____     By:   Jay H. Baker, individually and as a principal
                                     of JHBTLO, LLC

Date: _____     By:   Brian Bachman

Date: _____     By:   Barbara Ripp

Date: _____     By:   Peter Ripp

Date: _____     By:   Jules Kroll

Date: _____     By:   Thomas Glocer

8

Settlement Agreement
Page   8

_____

Date: _____

By:  Mickey  Silverman,  individually  and  as  a
principal of BJ4M&M, LLC


Date: _____

By:  Jay H. Baker, individually and as a principal
of JHBTLO, LLC


Date: _____

By:  Brian Bachman


Date: _____

By:  Barbara Ripp


Date: _____

By:  Peter Ripp


Date: _____

By:  Jules Kroll


Date: _____

By:  Thomas Glocer


Date: _____

By:  Gary Schultheis


8

Settlement Agreement
Page   8

_____

Date: _____

By:  Mickey Silverman, individually and as a
     principal of BJ4M&M, LLC


Date: _____

By:  Jay H. Baker, individually and as a principal
     of JHBTLO, LLC


Date: _7/21/2014_

By:  Brian Bachman


Date: _7/21/2014_

By:  Barbara Ripp


Date: _7/21/2014_

By:  Peter Ripp


Date: _____

By:  Jules Kroll


Date: _____

By:  Thomas Glocer


Date: _____

By:  Gary Schultheis

Settlement Agreement
Page   8

Date: _____

By:   Mickey Silverman, individually and as a
principal of BJ4M&M, LLC

Date: _____

By:   Jay H. Baker, individually and as a principal
of JHBTLO, LLC

Date: _____

By:  Brian Bachman

Date: _____

By:   Barbara Ripp

Date: _____

By:   Peter Ripp

Date: _____

By:   Jules Kroll

Date: _____

By:   Thomas Glocer

Date: __7/25/2014__

By:  Gary Schultheis

8

Settlement Agreement
Page   8

Date: _____

By:   Mickey Silverman, individually   and   as   a
      principal of BJ4M&M, LLC

Date: _____

By:   Jay H. Baker, individually and as a principal
      of JHBTLO, LLC

Date: _____

By:  Brian Bachman

Date: _____

By:   Barbara Ripp

Date: _____

By:   Peter Ripp

Date: _____

By:   Jules Kroll

Date: _____

By:   Thomas Glocer

Date: _____

By:   Gary Schultheis

8

Settlement Agreement
Page   8

Date: _____

By:  Mickey Silverman, individually and as a
principal of BJ4M&M, LLC

Date: _____

By:  Jay H. Baker, individually and as a principal
of JHBTLO, LLC

Date: _____

By:  Brian Bachman

Date: _____

By:  Barbara Ripp

Date: _____

By:  Peter Ripp

Date: _____

By:  Jules Kroll

Date: _____

By:  Thomas Glocer

Date: _____

By:  Gary Schultheis

8

Settlement Agreement
Page   9

Date: _____7/21/2014_____                    _____
                                             By:   Shawn Smith



Date: _____                _____
                                             By:   Ole Poulsen



Date: _____                _____
                                             By:   Eliza Desiree Asher as Co-CEO of TLO
                                             [*Executing  this  Agreement  for  purposes  of
                                             Paragraph 5 only*]



Date: _____                _____
                                             By:   Caroline Asher Yoost as Co-CEO of TLO
                                             [*Executing  this  Agreement  for  purposes  of
                                             Paragraph 5 only*]



Date: _____                _____
                                             By:   Robert  Furr  *as  Plan  Disbursing  Agent*
                                             [*Executing  this  Agreement  for  purposes  of
                                             Paragraph 5 only*]



5787813

Settlement Agreement
Page   9

Date: _____

By:  Shawn Smith

Date:  7/22/2014

By:  Ole Poulsen

Date: _____

By:  Eliza Desiree Asher as Co-CEO of TLO
[*Executing this Agreement for purposes of
Paragraph 5 only*]

Date: _____

By:  Caroline Asher Yoost as Co-CEO of TLO
[*Executing this Agreement for purposes of
Paragraph 5 only*]

Date: _____

By:  Robert Furr *as Plan Disbursing Agent*
[*Executing this Agreement for purposes of
Paragraph 5 only*]

5787813

9

Settlement Agreement
Page   9

_____


Date: _____        _____
                                         By:  Shawn Smith


Date: _____        _____
                                         By:  Ole Poulsen


Date: _7/22/14__                         _____
                                         By:  Eliza Desiree Asher as Co-CEO of TLO
                                         *[Executing this Agreement for purposes of
                                         Paragraph 5 only]*


Date: _7/22/14__                         _____
                                         By:  Caroline Asher Yoost as Co-CEO of TLO
                                         *[Executing this Agreement for purposes of
                                         Paragraph 5 only]*


Date: _____        _____
                                         By:  Robert Furr *as Plan Disbursing Agent
                                         [Executing this Agreement for purposes of
                                         Paragraph 5 only]*


578/815

9

Settlement Agreement
Page   9
_____

Date: _____

By:  Shawn Smith


Date: _____

By:  Ole Poulsen


Date: _____

By:  Eliza Desiree Asher as Co-CEO of TLO
[*Executing   this   Agreement   for   purposes   of
Paragraph 5 only*]


Date: _____

By:  Caroline Asher Yoost as Co-CEO of TLO
[*Executing   this   Agreement   for   purposes   of
Paragraph 5 only*]


Date: __7/2,3/14__

By:  Robert   Furr   *as   Plan   Disbursing   Agent*
[*Executing   this   Agreement   for   purposes   of
Paragraph 5 only*]


5787813

9

**<u>EXHIBIT "2"</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                      Case No.:  13-20853-PGH

TLO, LLC,                                   Chapter 11

      Debtor.
_____/

## ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS AGAINST AND BY TECHNOLOGY INVESTORS, INC.

**THIS MATTER** came before the Court upon Technology Investors, Inc.'s Motion to Approve Compromise and Settlement of Claims Against and By Technology Investors, Inc. (the "Settlement Motion") [ECF No. _____], filed pursuant to 11 U.S.C. §105(a), Fed.R.Bankr.P. 9019 and 2002(a)(3) and Local Rules 9013-1(D)(3)(b) and 9019-1.  The Court, without hearing, having reviewed the record in *Thomas H. Glocer,* et al *v. Technology Investors, Inc.* (Adv. Pro. 13-01943-PGH) and *Jay Bernstein,* et al *v. Technology Investors, Inc.* (Adv. Pro. 14-01149-PGH) (together, the "Adversary Proceedings"), having considered the Motion and the settlement

1

agreement attached thereto as Exhibit 1 (the "Settlement Agreement"), having been advised that all parties to the Adversary Proceedings have resolved the claims and counterclaims in the manner set forth in the Settlement Agreement, having noted that no party has objected to the Settlement Agreement, as evidenced by the *Certificate of No Response or Settlement and Request for Entry of Order* [ECF No. _____] filed by Technology Investors, Inc., and otherwise being fully advised in the premises, does hereby find that the settlement and compromise contained in the Settlement Agreement is fair and reasonable, is above the lowest point in the range of reasonableness, meets all of the criteria set forth in *In re Justice Oaks II, Ltd*., 898 F.2d 1544 (11th Cir. 1990) and is otherwise in the best interests of the Debtor, the bankruptcy estate, the creditors of the bankruptcy estate and the equity interest holders in the Debtor:

Accordingly, the Court:

**ORDERS** and **ADJUDGES** as follows:

1.      The Settlement Motion is **GRANTED**;

2.      The Settlement between Technology Investors, Inc. ("Tech Inc.") and each of the plaintiffs in the Adversary Proceedings (together, the "Parties") is **APPROVED** in its entirety;

3.      The Parties are authorized to execute all documents and take all actions necessary to effectuate the Settlement.

4.      Upon this Order becoming a final, non-appealable order (a "Final Settlement Approval Order") and upon an order in *In re the Estate of Henry E. Asher*, Case No. 502013CP000440XXXXSB pending in the Probate Division of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Probate Case") becoming a final, non-appealable order approving the Settlement Agreement (a "Probate Court Approval Order"), Tech Inc.'s secured claim against the Debtors' estate shall be reduced to $66,500,000.00.

5.      Upon a Final Settlement Order, a Probate Court Approval Order, and receipt by each of the Parties of its respective share of estate proceeds as set forth in the Settlement Agreement, the Parties shall file a Stipulation of Dismissal with prejudice of all respective claims asserted in the Adversary Proceedings.  At the appropriate time, Tech Inc. shall direct the Clerk of Court to close each of the Adversary Proceedings in accordance with Local Rule 9019-1.

6.      Upon a Final Settlement Order, a Probate Court Approval Order, and receipt of its respective share of estate proceeds as set forth in the Settlement Agreement, each of the plaintiffs in the Adversary Proceedings shall be deemed to have released any and all claims against Tech Inc. as set forth in the Settlement Agreement.

7.      Upon Final Settlement Order, Probate Court Approval Order, and receipt of its share of estate proceeds as set forth in the Settlement Agreement, Tech Inc. shall be deemed to have released any and all claims against the plaintiffs in the Adversary Proceedings as set forth in the Settlement Agreement.

8.      In the event this Order or any order seeking approval of the Settlement Agreement in the Probate Case is vacated, reversed or otherwise challenged so as to render the Settlement Agreement ineffective or inapplicable, in whole or in part, then the Settlement Agreement shall become null and void in its entirety, and the Parties shall be returned to the *status quo ante* as if the Settlement Agreement had never been executed, with all of their respective clams and defenses preserved as they existed prior to June 23, 2014.

9.      The Court retains jurisdiction to enforce the provisions of this Order or to construe the rights, remedies, duties and terms contained herein.  Notwithstanding the foregoing, in accordance with the terms set forth in the Settlement Agreement, the Hon. Robert A. Mark shall be the sole and final arbitrator relating to any disputes arising out of or relating to

the Settlement Agreement, including but not limited to the interpretation of any of the terms

therein.

# # #

<u>Submitted by:</u>
Etan Mark, Esq.
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail: <u>EMark@bergersingerman.com</u>

<u>Copy furnished to:</u>
Etan Mark, Esq.
*(Attorney Mark is directed to serve conformed copies of this Order upon all parties on the Master Service List immediately upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*