

**ORDERED in the Southern District of Florida on August 25, 2014.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.:  13-20853-PGH |
| TLO, LLC, | Chapter 11 |
| Debtor. | |
| _____/ | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT
OF CLAIMS AGAINST AND BY TECHNOLOGY INVESTORS, INC.**

**THIS MATTER** came before the Court upon *Technology Investors, Inc.'s Motion to Approve Compromise and Settlement of Claims Against and By Technology Investors, Inc.* (the "Settlement Motion") [ECF No. 1165], filed pursuant to 11 U.S.C. §105(a), Fed.R.Bankr.P. 9019 and 2002(a)(3) and Local Rules 9013-1(D)(3)(b) and 9019-1.  The Court, without hearing, having reviewed the record in *Thomas H. Glocer,* et al *v. Technology Investors, Inc.* (Adv. Pro. 13-01943-PGH) and *Jay Bernstein,* et al *v. Technology Investors, Inc.* (Adv. Pro. 14-01149-PGH) (together, the "Adversary Proceedings"), having considered the Motion and the settlement

1

agreement attached thereto as Exhibit 1 (the "Settlement Agreement"), having been advised that all parties to the Adversary Proceedings have resolved the claims and counterclaims in the manner set forth in the Settlement Agreement, having noted that no party has objected to the Settlement Agreement, as evidenced by the *Certificate of No Response or Settlement and Request for Entry of Order Regarding Motion to Approve Compromise and Settlement of Claims Against and by Technology Investors, Inc.* [ECF No. 1185] filed by Technology Investors, Inc., and otherwise being fully advised in the premises, does hereby find that the settlement and compromise contained in the Settlement Agreement is fair and reasonable, is above the lowest point in the range of reasonableness, meets all of the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and is otherwise in the best interests of the Debtor, the bankruptcy estate, the creditors of the bankruptcy estate and the equity interest holders in the Debtor:

Accordingly, the Court:

**ORDERS** and **ADJUDGES** as follows:

1. The Settlement Motion is **GRANTED.**

2. The Settlement between Technology Investors, Inc. ("Tech Inc.") and each of the plaintiffs in the Adversary Proceedings (together, the "Parties") is **APPROVED** in its entirety.

3. The Parties are authorized to execute all documents and take all actions necessary to effectuate the Settlement.

4. Upon this Order becoming a final, non-appealable order (a "Final Settlement Approval Order") and upon an order in *In re the Estate of Henry E. Asher*, Case No. 502013CP000440XXXXSB pending in the Probate Division of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Probate Case") becoming a final, non-appealable

order approving the Settlement Agreement (a "Probate Court Approval Order"), Tech Inc.'s secured claim against the Debtors' estate shall be reduced to $66,500,000.00.

5. Upon a Final Settlement Order, a Probate Court Approval Order, and receipt by each of the Parties of its respective share of estate proceeds as set forth in the Settlement Agreement, the Parties shall file a Stipulation of Dismissal with prejudice of all respective claims asserted in the Adversary Proceedings. At the appropriate time, Tech Inc. shall direct the Clerk of Court to close each of the Adversary Proceedings in accordance with Local Rule 9019-1.

6. Upon a Final Settlement Order, a Probate Court Approval Order, and receipt of its respective share of estate proceeds as set forth in the Settlement Agreement, each of the plaintiffs in the Adversary Proceedings shall be deemed to have released any and all claims against Tech Inc. as set forth in the Settlement Agreement.

7. Upon Final Settlement Order, Probate Court Approval Order, and receipt of its share of estate proceeds as set forth in the Settlement Agreement, Tech Inc. shall be deemed to have released any and all claims against the plaintiffs in the Adversary Proceedings as set forth in the Settlement Agreement.

8. In the event this Order or any order seeking approval of the Settlement Agreement in the Probate Case is vacated, reversed or otherwise challenged so as to render the Settlement Agreement ineffective or inapplicable, in whole or in part, then the Settlement Agreement shall become null and void in its entirety, and the Parties shall be returned to the *status quo ante* as if the Settlement Agreement had never been executed, with all of their respective clams and defenses preserved as they existed prior to June 23, 2014.

9. The Court retains jurisdiction to enforce the provisions of this Order or to construe the rights, remedies, duties and terms contained herein. Notwithstanding the

foregoing, in accordance with the terms set forth in the Settlement Agreement, the Hon. Robert A. Mark shall be the sole and final arbitrator relating to any disputes arising out of or relating to the Settlement Agreement, including but not limited to the interpretation of any of the terms therein.

# # #

Submitted by:
Etan Mark, Esq.
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-mail: EMark@bergersingerman.com

Copy furnished to:
Etan Mark, Esq.
*(Attorney Mark is directed to serve conformed copies of this Order upon all parties on the Master Service List immediately upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*